JACOB KNOPF *vs.* THE PHILADELPHIA, WILMINGTON AND BALTIMORE RAILROAD COMPANY, a Corporation of the State of Delaware.

*Case—Personal Injuries—Damage to Property—Evidence—Negligence—Proximate Cause—City Ordinance—Measure of Damages.*

1. The right of a witness to refuse to answer a question on the ground that he may incriminate himself, is one personal to the witness, and can be claimed by himself alone. If he says, in reply to a question by the Court, that he does not decline to answer because he fears it would make him liable to the penalty of the law, he will be compelled to answer.

2. A question asked a witness as to his schedule time between a given point and the place of accident, about a mile apart, held to be irrelevant.

3. The defendant can be held liable only for such negligence as constitutes the proximate cause of the injury.

4. Certain things are, or amount to, negligence in law, whether any active or positive negligence be proved or not. The violation of a city ordinance is of itself an act of negligence; but the defendant would not be liable in such case unless the violation of the ordinance caused the injury, and unless the plaintiff was himself free from contributory negligence.

5. Ordinary care and diligence on the part of the defendant, when applied to the management of railroad cars in motion, imports all the care, circumspection, prudence and discretion which the circumstances require. And the plaintiff is bound at the same time to use care and diligence in proportion to the danger to be avoided. It is the duty of defendant to use all usual and appropriate means to warn wayfarers

# KNOPF vs. P., W. & B. R. R. CO. 393

STATEMENT OF CASE— EVIDENCE.

of the approach of the train, and defendant is not absolved from that duty by a law which provides for the ringing of the bell.

6. A person approaching a railroad crossing with which he is familiar, is bound to avail himself of his knowledge of the locality, and act accordingly. If his line of vision is obstructed, he should look for approaching cars in time to avoid collision.

7. If a person drives up to a railroad crossing and upon it, not only without stopping but without looking out or listening to ascertain if any train is approaching, and a collision and injury occurs to him from a passing train, which would have been prevented had the person so injured exercised the proper and ordinary prudence, care and caution mentioned, such person would be guilty of contributory negligence, and could not recover.

8. Measure of damages stated.

(*March 12, 1900.*)

Lore, C. J., and Pennewill and Boyce, J. J., sitting.

*William S. Hilles* and *Robert H. Richards* for plaintiff.

*Andrew C. Gray* and *Herbert H. Ward* for defendant.

Superior Court, New Castle County, February Term, 1900.

Action on the case (No. 12, February Term, 1898) to recover from the defendant company damages for personal injuries alleged to have been sustained by the plaintiff, and also for injury to his baker wagon, by reason of the negligence of the defendant company, on the second day of June, 1898, at the railroad crossing near Landlith Station in the City of Wilmington.

At the trial the witness, Albert J. Beckley, engineer of the defendant company's train which was alleged to have caused the injury, was asked in cross examination by *Mr. Hilles:* "How did you happen to be running your train at the rate of twelve or fifteen miles an hour in the City of Wilmington?" This was objected to by counsel for defendant, who stated that the witness had already testified that he was running his train twelve or thir-

teen miles an hour; that an ordinance of the City of Wilmington had been admitted in evidence in the case, which ordinance subjects an engineer to a penalty. The objection therefore was that the witness was not required to answer the question and subject himself to any penalty he may be liable to under the ordinance. Counsel for the plaintiff contended that the question was in direct reply to the examination of the witness by Mr. Gray.

PENNEWILL, J.:—We think the right of a witness to refuse to answer a question on the ground that he may incriminate himself, is one personal to the witness, and can be claimed by himself alone.

The witness thereupon stated in reply to a question by the Court, that he did not exactly know what was meant by an answer that would *incriminate* him, but that he was not afraid to answer the question because it would make him liable to the penalty of the law, and did not decline to answer on that ground.

PENNEWILL, J.:—We think that admits it.

The witness was further asked by *Mr. Hilles* what his schedule time was between the City of Wilmington and Landlith Station.
This was objected to by counsel for defendant as irrelevant, because the inquiry should be confined to what speed the train was making at Landlith Station and not what speed it was making at other points.

PENNEWILL, J.:—The question is, what was the actual rate of speed of this train at the time and place of this accident. We think the question is not admissible.

After the presentation of prayers by the respective counsel the Court charged the jury as follows:

PENNEWILL, J., charging the jury:

Gentlemen of the jury:—In this action the plaintiff, Jacob Knopf seeks to recover from the Philadelphia, Wilmington and Baltimore Railroad Company, the defendant, damages for personal injuries to himself, as well as for injury to his wagon; all alleged to have been caused by the negligence of the defendant company on the second day of June, 1898, at the railroad crossing near Landlith Station in this city.

The plaintiff charges that the defendant was negligent, *first*, in running the train which caused the accident at a high rate of speed; *second*, in permitting obstructions to remain on the tracks of the company so that the plaintiff was prevented from seeing the approaching train, and *third*, in not giving timely and proper warning of the approach of the train.

The defendant company contends that it was not guilty of any negligence which caused the injury to the plaintiff; that it, the company, exercised all reasonable and proper care and diligence to prevent the accident, and that the injury was caused by the negligence of the plaintiff. The defendant therefore denies any and all liability for said injury.

With the facts in the case the Court have nothing whatever to do; they are for you alone. You have heard the evidence, and it is now for your consideration and determination,—applying thereto the law as the Court shall declare it to you.

The principles of law applicable to this case have been so clearly settled by the courts of our own State, that we do not consider it at all necessary to look beyond the reported decisions of our courts for the rules to guide us and you in the consideration and determination of the present action.

This suit is based on negligence, and it is proper that we should explain to you what negligence in legal contemplation is. It has been defined to be the want of ordinary care, that is, the want of such care as a reasonably prudent and careful man would exercise under similar circumstances. What constitutes negligence is a question of law for the Court, but whether negligence exists in

the particular case, is a question of fact for the determination of the jury. It is for you to determine whether there was any negligence that caused the injury complained of, and if there was, whether it was the negligence of the defendant or the plaintiff. And we say to you that the defendant can be held liable only for such negligence as constitutes the proximate cause of the injury.

*Murphy vs. Hughes Bros. & Bangs, 1 Pennewill, 250 ; Mills vs. Wil. City Ry. Co., 1 Marvel, 269.*

Negligence is never presumed, but must always be proved ; and the burden of proving it rests upon the plaintiff.

With respect to the matter of negligence, we say to you that certain things are, or amount to, negligence in law, whether any active or positive negligence be proved or not. The violation of an ordinance of this city is of itself (*per se* as we may say) an act of negligence, which, in legal controversy like this, only requires to be proved to render a wrong-doer liable for any injury resulting from such misconduct.

*Robinson vs. Simpson, 8 Houst., 400 ; Shearman & Redfield on Negligence, Secs. 13 and 467, and cases cited. 8 Elliott on R. R., Sec. 1095, note 1 ; Giles vs. Diamond State Iron Co., 7 Houst., 453–466 and 566 ; Jones vs. Belt, 7 Houst., 562–564 ; Carswell, Admr., vs. Mayor and Council of Wilmington, 2 Marvel, 360–365.*

In such case, however, the defendant would not be liable unless the violation of the ordinance, to wit, in this case, the excessive speed of the train, caused the injury complained of ; nor would the defendant be liable if the injury was caused in any degree by the negligence or careless conduct of the plaintiff. The law does not permit any one to recover damages from another for an injury if his own negligence has contributed thereto, or where by the exercise of reasonable care he could have avoided it.

*Murphy vs. Hughes Bros. & Bangs, 1 Pennewill, 250.*

Nowhere have we found the law applicable to cases like the present more clearly stated than in the case of *Patterson vs. P., W. & B. R. R. Co., 4 Houst., 100,* in which Chief Justice Gilpin in

delivering the opinion of the Court said : The terms ordinary care and diligence, when applied to the management of railroad engines and cars in motion must be understood, however, to import all the care, circumspection, prudence and discretion which the peculiar circumstances of the place or occasion reasonably require of the servants of the defendant company, and this will be increased or diminished according as the ordinary liability to danger and accident, and to do injury to others, is increased or diminished in the movement and operation of them—But on the other hand it is equally well settled as a principle of law, that the plaintiff was also bound at the same time to use ordinary prudence, care and diligence to avoid the accident and injury which occurred to him on that occasion, and the care and diligence which he is bound to exercise must be in proportion to the danger to be avoided ; that is to say, he is bound to use such care, prudence and diligence as a reasonably prudent man under the peculiar circumstances of the case would exercise to preserve himself from being injured.

As was said by Chief Justice Comegys in the case of *Parvis vs. P., W. & B. R. R. Co., 8 Houst., 446,* due care in the case of the companies, means, ordinarily, the timely employment of sufficient signals or warnings, notifying the approach of trains to public places, such as highway crossings, etc., and in the case of individuals due circumspection or listening or both, when practicable, to avoid collision ; and the greater the peril to the individual the greater the duty of care by the company, and of prudent and due caution on the part of the individual. At places of great danger great care must be taken by both parties. This, after all, is but common sense, the force of which must be evident to every one.

It was the duty of the defendant, said the Chief Justice, to make use of all the usual and appropriate means, as bell and whistle, to warn wayfarers who might be passing along the highway, intending to cross the railroad, of the approach of the train ; and it was in no way absolved from that duty by an act of Assembly providing for the ringing of the bell. The intent of the act was

to punish engineers and others for not doing their duty, and not to relieve the company from the common law duty of taking the usual means to warn people of danger.

If the defendant failed to make use of such usual and appropriate means to warn the plaintiff at the time of the accident it would be negligence on its part, and if the accident occurred by reason of its failure to do so, the defendant would be liable for the injury to the plaintiff, provided the plaintiff did not by his own negligence or want of care, contribute in some degree to his injury.

It is a general rule of law that persons crossing a railroad are bound to the reasonable use of all their senses for the prevention of accident, and also to the exercise of all such reasonable caution as ordinarily careful and prudent persons would exercise in like circumstances.

A person approaching a railroad crossing with which he is familiar, is bound to avail himself of his knowledge of the locality and act accordingly. If as he approaches the crossing his line of vision is obstructed, he is bound to look for approaching cars in time to avoid collision with them, and if he does not look, and for this reason does not see an approaching car until it is too late to avoid a collision and he is thereby injured, he is guilty of negligence, and could not recover therefor. When the view at the crossing is obstructed, greater care is necessary than in places where the view is unobstructed.

*Brown vs. Wilmington City Ry. Co., 1 Pennewill, 335 ; Price vs. Charles Warner Co., 1 Pennewill, 462.*

If a person drives up to a railroad crossing and upon it, not only without stopping but without looking out or listening to ascertain if any train is approaching, and a collision and injury occurs to him from a passing train, which would have been prevented had the person so injured exercised the proper and ordinary prudence, care and caution mentioned, such person would be guilty of contributory negligence, and could not recover from the railroad company for such injury.

KNOPF vs. P., W. & B. R. R. CO. 399·

CHARGE OF COURT.

*Lynam and Wife vs. P., W. & B. R. R. Co., 4 Houst., 599.*

If you shall believe from the preponderance of the evidence in this case, that at the time of the accident the train which struck the plaintiff was running at a rate of speed in excess of six miles an hour, in violation of the ordinance of the City of Wilmington, and that such excessive speed was the proximate cause of the injury to the plaintiff; and shall also believe that the plaintiff was free from any negligence on his own part that contributed in any way to his injury, then your verdict should be for the plaintiff.

Or, if you should believe from the preponderance of the evidence that at the time of the accident the defendant was not exercising ordinary care and diligence, that is, all the care and circumspection, prudence and discretion that an ordinarily prudent and careful man would have exercised under the circumstances, and that the want of such care and diligence was the proximate cause of the injury to the plaintiff; and shall also believe that the plaintiff was free from any negligence that contributed in any way to his injury, then your verdict should be for the plaintiff.

But if you should believe that it has not been shown by the preponderance of the testimony that the negligence of the defendant was the proximate cause of the injury to the plaintiff, or if you should believe that the negligence of the plaintiff himself contributed to the injury complained of, your verdict should be for the defendant.

If you should find for the plaintiff your verdict should be for such sum as you believe, from the testimony, will reasonably compensate him for his injuries, including therein his loss of time and wages, his pain and suffering in the past, and such as may be in the future, in consequence of the accident; and also such sum for any permanent injuries caused by the accident, as you believe will cover his pecuniary loss from his impaired ability to earn a living in the future. If you should find for the plaintiff, he would also be entitled to recover any expenses shown by the testimony to have

been incurred by him for medicines or medical treatment on account of said injuries, and also such sums as would reasonably compensate him for any loss and damage to his wagon caused by the accident.

*Murphy vs. Hughes Bros. & Bangs, 1 Pennewill, 250.*

Verdict for plaintiff for $2500.