PHILIP T. TRIMBLE *vs.* PHILADELPHIA, BALTIMORE AND WASH-
INGTON RAILROAD COMPANY, a corporation of the State of
Delaware.

RAILROADS—CROSSING ACCIDENT—LIABILITY.

. Right of one to recover for collision of a train with his automobile at a
highway crossing depends on failure of the company, constituting proximate
cause of the accident, to exercise reasonable care and diligence to warn him
of the approach of the train, and the fact that he used ordinary prudence,
care and diligence to avoid the accident; the degree of care and diligence
required of each increasing with the danger of the crossing.

(*December* 5, 1913.)

Judges BOYCE and RICE sitting.

*Levin Irving Handy* and *Wilbur L. Adams* for plaintiff.

*Andrew C. Gray* (of *Ward, Gray and Neary*) for defendant.

Superior Court, New Castle County, November Term, 1913.

ACTION ON THE CASE (No. 22, March Term, 1913), by Philip
T. Trimble against the Philadelphia, Baltimore & Washington
Railroad Company to recover damages for personal injuries and
for injuries to automobile, occasioned, as alleged, by being negli-
gently struck by the locomotive of a southbound train of the
defendant company at "Harmony Crossing," in White Clay
Creek Hundred, on July 18, 1912. According to the testimony of
the plaintiff, when approaching the crossing, and at a point about
two hundred feet south of the roadbed or right of way of the
defendant company, he looked to the north, where he could see
about a quarter of a mile up the track, and that he neither saw
nor heard a train approaching from the north, and that from said
point to the roadbed there was a dip in the public road and a
bank with a hedge growing upon it of sufficient height to com-
pletely obscure his view of the railroad, which obstruction con-
tinued until he reached the right of way of the defendant; that
after looking he proceeded slowly in his automobile toward the .
crossing, going at the rate of from six to ten miles an hour—or as
slowly as it was possible for an automobile to proceed, at that
place, in order to keep in motion—and listened for an approach-
ing train, but heard no bell or whistle and that none was sounded;

that as he emerged from behind the said bank or obstruction, and reached a position where he could see up and down the railroad tracks, a train from the north bore down upon him, and as it was too late for him to stop or apply his brakes, he turned his automobile to try to avoid a collision, but in doing so the front of his automobile was struck by the locomotive, turning the machine around. The machine was again struck by some projection of the engine or train, and overturned and demolished, he being thrown under the machine and injured.

The defendant contended that both the bell and the whistle were sounded on approaching the crossing; that the plaintiff had an unobstructed view from the point where the embankment ended to the track on which the train was running, which was of a sufficient distance to enable him to stop his automobile, had he been exercising due care, in time to have avoided a collision; and that the injuries complained of were the result of plaintiff's negligence.

Among other prayers requested by the defendant was the following:

"Tenth. Where the physical facts make it certain that the traveler could have seen the approaching train in time to have averted the injury to him if he had looked, he will not be heard to say that he looked but did not see, but he will be held to have seen what was obvious, and if he did not heed it his conduct will present the case of a person thrusting himself rashly into danger, in which case he cannot make his own rashness and folly the ground of recovery of damages from another. 2 *Thompson on Negligence*, § 1445; *Parvis v. Railroad Co.*, 8 *Houst.* 439 [17 *Atl.* 702]; *Mullin v. Railroad Co.*, 5 *Penn.* 156 [63 *Atl.* 26]; *Lynch v. Wil. City Ry. Co.*, 7 *Penn.* 14, [76 *Atl.* 959]; *Edwards v. Railroad Co.*, 1 *Boyce*, 78 [75 *Atl.* 613]."

The court declined to so charge, for the reason that the language of the prayer was not applicable to the facts of the present case.

Rice, J., charging the jury:

Gentlemen of the jury:—This is an action brought by Philip

T. Trimble, the plaintiff, against the Philadelphia, Baltimore and Washington Railroad Company, a corporation of the State of Delaware, for the recovery of damages for injuries to himself, and for injury to his automobile, which he alleges to have been caused by the negligence of the defendant company on the eighteenth day of July, 1912. The plaintiff alleges that the defendant so carelessly and negligently ran its train at a place in White Clay Creek Hundred, this county, where its tracks cross the public road leading from Harmony to Christiana, that the train ran into the plaintiff's automobile, in which he was riding at the time of the collision.

The acts of negligence charged by the plaintiff against the defendant are (1) that the whistle of the locomotive steam engine was not blown by said company in time to give said plaintiff warning of the approach of said locomotive and train of cars; (2) that the bell of said locomotive was not rung by said company in time to give said plaintiff warning of the approach of said locomotive and train of cars; (3) that said company neglected and failed to have a gate and watchman at said dangerous grade crossing; (4) that said company neglected and failed to give notice and warning to said plaintiff of the approach to said grade crossing of said locomotive and train of cars; (5) that the defendant neglected and failed to cause the approach of said locomotive to said public highway, crossing said line of railroad at grade at the place mentioned, to be signaled by sounding two long blasts followed by two short blasts of the steam whistle on said locomotive at least three hundred yards from said crossing, as required by the statute.

The plaintiff avers that, at the time of the collision, he was exercising proper care and caution.

The defendant company claims that the collision was not caused by any negligence or want of care on the part of the company, but was caused by the negligence of the plaintiff in not using due care and caution to ascertain if a train was approaching the crossing before he attempted to cross its tracks.

It is admitted that the defendant company was operating the train in question and that it had the lawful right to run its

trains over the tracks.  It is also admitted that the place where the collision occurred was a public highway crossing.

We decline to give you binding instructions, because we think it a proper case to be submitted to the jury for their determination upon the evidence, applying thereto the law as the court shall state it to you.

In an action of this kind it is necessary that the plaintiff should both allege and prove negligence, and the plaintiff cannot recover until he has shown to your satisfaction, by a preponderance of proof, that is, the greater weight of evidence, that the negligence of the defendant was the cause of the injuries.  The burden of proving negligence on the part of the defendant rests upon the plaintiff.

Negligence has been defined as a failure to use such care, prudence and vigilance as a reasonably prudent man, under the peculiar circumstances of the case, would exercise to preserve himself from being injured.  There is no presumption of negligence, either on the part of the plaintiff or on the part of the defendant, from the mere fact that injury resulted by the train and automobile coming into collision; that is, liability on the part of the defendant does not arise out of the mere fact that the plaintiff was injured.  *Lenkewicz v. Wil. City Ry. Co.*, 7 *Penn.* 64, 74 *Atl.* 11.

Whether there was any negligence, at the time of the collision, and whose, you must determine from all the facts and circumstances of this case as disclosed to you by the testimony of the witnesses.

If it shall appear to your satisfaction that the plaintiff was negligent, and said negligence contributed in any degree to or entered into the accident, he was guilty of contributory negligence, and even though the defendant company may have been negligent on its part, yet if the negligence of the plaintiff contributed to or entered into the accident at the time of the injury, that is, if the negligence of the plaintiff and the negligence of the servants of the defendant company in charge of the train were operating at the time of the accident, entered into and produced it, the plaintiff cannot recover.  For where there is mutual negli-

27 Del.]     TRIMBLE vs. P., B. & W. R. R. Co.     523

Charge.

gence, and the negligence of each is operative at the time of accident, no action can be sustained therefor.

The burden of establishing contributory negligence on the part of the plaintiff, whenever it is relied upon as a defense to an action, rests upon the defendant.

"If a person drive up to a railway crossing and upon it, not only without at least looking, but without listening to ascertain if any cars are approaching, and a collision and injury occurs to him from a passing train, which would have been prevented had the person so injured exercised the proper and ordinary prudence, care and caution mentioned, such person would be guilty of contributory negligence, and could not recover from the railroad company for such injury. When the view at the crossing is obstructed, greater care is necessary than in places where the view is unobstructed. It is likewise the duty of the defendant in the movement of its trains over its tracks across a public highway to exercise reasonable care and diligence to warn travelers upon such highway of the approach of its trains, in order to prevent accidents at such crossings, and if there are obstructions in and about such crossing which prevent a train of cars from being seen as a traveler upon the highway approaches the crossing, the degree of care required is increased according to the liability of danger at such crossing. Both the traveler and the company are charged with the same degree of care—the one to avoid being injured, and the other to avoid inflicting injury. As was said by the court in the case of *Knopf v. P., W. & B. R. R. Co.*, 2 *Penn.* 393 [46 *Atl.* 747], the degree of care and diligence required, when applied to the management of railroad engines and cars in motion, must be understood to import all the care, circumspection, prudence and discretion which the peculiar circumstances of the place or occasion reasonably require of the servants of the defendant company, and this will be increased or diminished according as the ordinary liability to danger and accident, and to do injury to others, is increased or diminished in the movement and operation of them. But, on the other hand, it is equally well settled as a principle of law that the plaintiff was also bound at the same time to use ordinary prudence, care and diligence to avoid the

accident and injury which occurred to him on that occasion, and the care and diligence which he is bound to exercise must be in proportion to the danger to be avoided; that is to say, he is bound to use such care, prudence and diligence as a reasonably prudent man under the peculiar circumstances of the case would exercise to preserve himself from being injured." *Buchanan v. P., B. & W. R. R.*, 1 *Boyce* 92, 75 *Atl.* 875.

If as a person approaches the crossing his line of vision is obstructed, he must exercise his senses of sight and hearing; that is, he is bound, at least, to look and listen for approaching trains in time to avoid collision with them, and if he does not look and listen, and for this reason does not see or hear an approaching train until it is too late to avoid a collision, and he is thereby injured, he is guilty of negligence, and cannot recover therefor. When the view at the crossing is obstructed, greater care is necessary than in places where the view is unobstructed.

"The law regards a railroad crossing as a place of danger. The very presence of such a crossing is notice to the person, approaching or attempting to cross it, of the danger of colliding with a passing engine or train. And because of the danger, there is imposed upon such person the duty of reasonable care and caution, and the reasonable and ordinary use and exercise of his senses of sight and hearing for his own and others' safety and protection; and he is required, at least, to look and listen for an approaching engine or train before venturing to cross the track. And if, as it has been said, he fails to exercise ordinary care, whatever danger he could thereby have discovered and avoided, he incurs the peril of, if he proceeds, and for an injury arising under such fault he is left without remedy.

"One about to cross a railroad track by the public highway, where the liability to collision is great, will be held precluded, by his contributory negligence, from a recovery for an injury, if he drives upon the track without looking for an approaching train, even though the railway company has neglected to sound an alarm which the statute requires of it at such places.

"Although the view of the road is obstructed, that fact does not relieve the traveler from the obligation to look and listen for

Charge.

an approaching train. * * * The very fact of the existence of such ·obstruction, and particularly when it is known to the traveler, imposes additional care and caution upon him on approaching the track." *P., B. & W. R. R. Co. v. Buchanan,* 2 *Boyce* 243, 78 *Atl.* 779.·

Due care in the case of the company means, ordinarily, the timely employment of sufficient signals or warnings, giving notice of the approach of trains to public places, such as highways or street crossings; and in the case of individuals due care means proper circumspection in looking or listening, or both, when practicable, to avoid collision; and the greater the peril to the individual, the greater the duty of exercising care by the company, and of prudence and caution on the part of the individual. This, after all, is but common sense, the force of which must be evident to all. If the defendant failed to make use of the usual and appropriate means to warn the plaintiff at the time of the accident, such failure was negligence on its part, and if the accident occurred by reason thereof, it would be liable, provided the plaintiff did not by his own carelessness contribute in some degree proximately to his injury. *Short v. P., B. & W. R. R.,* 7 *Penn.* 112, 76 *Atl.* 365.

A failure on the part of the defendant, as its train approached a crossing at a public highway, to sound two long blasts followed by two short blasts of the steam whistle on the locomotive engine at least three hundred yards from the crossing, as required by the act of the assembly, would constitute negligence on the part of the defendant *per se,* but such failure on the part of the defendant would not relieve the plaintiff from the exercise of reasonable and ordinary care in approaching the crossing; nor would the defendant be liable by reason of such failure if the injuries complained of were caused by the negligence or careless conduct of the plaintiff at the time of the accident. But if the defendant failed to make use of the warning required by the statute at the time of the accident, and if the accident occurred by reason of such failure, then and in that event the defendant would be liable for the injuries complained of, if the plaintiff did not by his own negligence or want of care contribute in some degree thereto.

Charge.

"If you shall believe, from the preponderance of the evidence in this case, that at the time of the accident the servants of the defendant company negligently approached the said crossing with its trains, without giving any warning of its approach to said crossing, and that the failure to do so was the proximate cause of the injuries complained of, and that the plaintiff was free from any negligence on his part which contributed thereto, then your verdict should be for the plaintiff; or if you shall believe from the preponderance of the evidence that at the time of the accident the defendant was not in the exercise of due and reasonable care, that is, all the care and circumspection, prudence and discretion that an ordinarily prudent and careful man would have exercised under the circumstances, and that the want of such care and caution was the proximate cause of the injuries complained of, and that the plaintiff was free from any negligence on his part which contributed thereto, your verdict should be for the plaintiff. But if you shall believe that it has not been shown by a preponderance of the evidence that the negligence of the defendant was the proximate cause of the injuries complained of, or if you shall believe that the negligence of the plaintiff himself contributed to the injuries complained of, your verdict should be for the defendant.

"Where, as in this case, the testimony is conflicting, you should reconcile it if you can, but if you cannot do so, you should accept as true that part of it which you deem worthy of credit, and reject that part of it which you deem unworthy of credit, having due regard to the opportunity and capacity of the witnesses to know of that of which they speak, and their apparent fairness or bias." *Buchanan v. P., B. & W. R. R.*, 1 *Boyce* 94, 75 *Atl.* 876.

Your verdict should be for that party in whose favor is the preponderance or greater weight of the evidence. It is your duty to consider all the evidence in this case, and in doing this you should consider the exhibits as well as the testimony adduced by the witnesses.

As a general rule, direct or positive evidence of a fact is entitled to greater weight than evidence of a merely negative char-

27 Del.]        TRIMBLE vs. P., B. & W. R. R. Co.        527

Charge—Verdict.

acter. You, however, are the sole judges of the credibility of the witnesses, and the weight of the testimony which you have heard in this case.

If your verdict should be for the plaintiff, it should be for such a sum as will reasonably compensate him for the injuries to his automobile and for the injury to his person caused by said accident, including the loss of wages resulting therefrom and his impaired earning capacity, if any has been shown, and his pain and suffering resulting from said injury. If such injuries are in your judgment, in view of all the evidence, of a permanent character, you should consider that fact in determining the amount of his damages.

Verdict for plaintiff.