Submitted on briefs January 3, writ sustained February 21, 1922.

## STATE ex Rel. HOUSER v. SCHANEPP, County Judge.

(204 Pac. 612.)

**Sheriffs and Constables—Sheriff Entitled to Recover Expenses Incurred Within County.**

1. A sheriff is entitled to compensation for expenses incurred by him within his county in the prosecution of his official duties, such as payment for meals of prisoners while being transported, necessary auto hire, in arrests and pursuits of criminals, or in bringing in captured stills and the like, or stolen property, and other like items, under Section 3631, Or. L., as amended by Laws of 1921, Chapter 185.

**Statutes—Resort to Extrinsic Facts Unnecessary Where Intent is Plain.**

2. Where the language used in a statute is plain and unambiguous, it is not necessary to resort to extrinsic facts to determine the legislative intent.

Original proceedings in *mandamus*.

In Banc.

WRIT SUSTAINED.

For plaintiff there was a brief over the name of *Messrs. Raley, Raley & Steiwer.*

For defendants there was a brief over the names of *Mr. R. I. Keator,* District Attorney, and *Mr. C. Z. Randall,* Deputy District Attorney.

McBRIDE, J.—This is an original proceeding in *mandamus* to compel defendants to audit and allow certain expenses incurred by the relator while serving criminal process and performing other official duties relating to criminal cases within the boundaries of Umatilla County.

Taking the pleadings as a whole, there is no question raised as to the fact of the expenditures made by the sheriff, or of the fact that they were necessary,

except as to two items, the first being a charge of $18 for auto hire for the return of a prisoner, one Vanderpool, from Walla Walla, Washington, to Athena in Umatilla County. Concerning this item, defendants allege that no warrant was ever issued and no prosecution of Vanderpool ever had in Umatilla County. The other item disputed on the facts was $12.50 for auto hire for two trips in search of a "crazy Swede," which the court deemed unauthorized. Both of these items are expressly waived by the relator in the brief filed and need not be further considered.

1. The dispute is therefore narrowed down to a single question of law, namely: Is the sheriff of Umatilla County entitled to compensation for expenses incurred by him within his county in the prosecution of his official duties as sheriff? Roughly stated, these items consist of payment for meals of prisoners while being transported from the place of arrest to the place of trial, and of auto hire where that means of transportation becomes necessary in the pursuit and arrest of criminals or in bringing in captured stills and the like in liquor cases, or stolen property for the purposes of use on trial, and other items of like character.

As we take it from the pleadings and briefs, the defendants are not questioning in this proceeding the necessity or amount of these charges, but stand squarely upon the proposition that the salary of the sheriff and the fees in civil cases provided in Section 3624, Or. L. (Olson's Comp.), are in full for all services and expenditures incurred by him within the county. The solution of this question turns upon the construction of Section 3631, Or. L., as amended by Chapter 185, Laws of 1921. That portion of the

original Section 3631 relevant to the matter now under discussion was as follows:

"The salaries herein provided for in favor of the said county clerks, recorders of conveyances, clerks of the Circuit and County Courts, and sheriffs, shall be audited and paid by the several counties to the respective parties entitled thereto in monthly payments, and in the same manner that other county charges are paid; and no one of such officials shall be entitled to receive any fees or other compensation for his services than as above provided, and except as hereinafter provided. * * "

This section was amended by Chapter 185, Laws of 1921, so as to read as follows:

"The salaries herein provided for in favor of the said county clerks, recorders of conveyances, clerks of the Circuit and County Courts, assessors and sheriffs, including the salaries of all deputies or other employees of such county officials, actual traveling expenses in the service of papers in civil or criminal actions, and any other expenses of such county officials, his deputies or employees while in the performance of their official duties, shall be audited and paid by the several counties to the respective parties entitled thereto in monthly payments and in the same manner that other county charges are paid, and no such official, deputy or other employee, shall be entitled to receive any fees or other compensation for his services than as above provided."

2. It will be observed that the amendment makes a radical change in the law previously in force and if it is to be given any meaning whatever, it amounts to a direction to the County Courts to audit and pay to the several sheriffs "actual traveling expenses * * in the service of papers in civil or criminal actions and any other expenses of such county officials, his deputies or employees while in the performance of their official duties.". Where the language used is

plain and unambiguous it is not necessary to resort to extrinsic facts to determine the legislative intent. Here the intent is plainly expressed.

It is urged on the part of the defendants in the writ that the case of *Houser* v. *Umatilla County,* 30 Or. 486 (49 Pac. 867), is conclusive against the plaintiff, but that case occurred before the amendment of 1921, *supra,* was adopted, which amendment supplied the authority that the court held in the case reported in 30 Or., *supra,* was then lacking.

It will therefore be ordered that the defendants audit and allow the claims set forth in the writ, with the exception of the two items waived by the relator, and that the relator recover his costs.

WRIT SUSTAINED.