Argued September 17, affirmed September 29, 1925.

## GEORGE SPEIGHT *v.* LOUIS V. SIMONSEN.

### (239 Pac. 542.)

**Appeal and Error—Contributory Negligence in Failing to Give Signal not Considered, Where not Charged in Answer.**

1. On appeal from judgment for plaintiff in action for injuries in collision at street intersection between plaintiff's motorcycle and defendant's automobile, contributory negligence of plaintiff in failing to give signal will not be considered, where such failure was not charged as contributory negligence in answer.

**Negligence—Law Looks to Proximate, not to Remote, Causes.**

2. Law looks to proximate causes and not to remote causes in personal injury questions.

**Municipal Corporations—Driving Without License Held No Defense in Action for Injuries in Collision.**

3. In an action for injuries sustained in collision between plaintiff's motorcycle and defendant's automobile at street intersection, where it was shown that plaintiff was driving vehicle without license and without operator's license, *held*, that defense on that ground was not good, because, although plaintiff's act in driving vehicle without license was negligence, it was not contributory negligence affecting case, and did not transgress on defendant's rights.

(1) 3 C. J. 699.   (2) 29 Cyc. 488, 490.   (3) 28 Cyc. 38; 29 Cyc. 525.

From Multnomah: WALTER H. EVANS, Judge.

Department 1.

AFFIRMED.

For appellant there was a brief and oral argument by *Mr. E. L. McDougal.*

For respondent there was a brief and oral arguments by *Mr. E. Pinder* and *Mr. W. P. LaRoche.*

3. Effect of operating automobile without license, see notes in 18 Ann. Cas. 242; Ann. Cas. 1913B, 680; Ann. Cas. 1914A, 128; Ann. Cas. 1918D, 47; 23 L. R. A. (N. S.) 561; 25 L. R. A. (N. S.) 734; 35 L. R. A. (N. S.) 699; 41 L. R. A. (N. S.) 308; 52 L. R. A. (N. S.) 801; L. R. A. 1915D, 628; L. R. A. 1916E, 1225.

Civil rights and liabilities as affected by failure to comply with regulations as to registration of automobile or licensing of operator, see notes in Ann. Cas. 1918B, 1147; 16 A. L. R. 1108; 35 A. L. R. 62.

BURNETT, J.—The plaintiff claims that while he was riding his motorcycle in an easterly direction on the south side of a street in Portland, and when he had reached a point near the center of the intersection of that street with a cross-street, the defendant came along the cross-street in his automobile and ran against the motorcycle, injuring the plaintiff in a manner stated. He says, and it is admitted, that there was an ordinance of the City of Portland in effect at the time that,

"Vehicles approaching an intersecting street shall be under control so as to permit the vehicle on the right of the vehicle approaching to first cross the intersecting street."

and that another section declares that,

"At all intersections the vehicle entering the intersection from the right of another vehicle entering said intersection shall have the right of way except over an emergency vehicle or street-car."

It is said in the complaint that the proximate cause of the accident was wholly due and brought about by the carelessness and negligence of the defendant by violating said city ordinance, by not having his car under proper control, by exceeding the speed limit across the intersection and by not giving to said plaintiff the right of way; that said accident would not have happened if the defendant had kept a proper lookout ahead, as he could have seen the said plaintiff's motorcycle entering said intersection ahead of him, and by the proper exercise of care and precaution he could have prevented said accident, but he failed to do so and said accident resulted.

All the complaint is denied except the allegation of the ordinance in force in the city at the time. Narrating his defense, the defendant answers thus:

"That as the defendant was going south on First Street at a reasonable rate of speed, approaching the intersection of First Street and Mill Street, the plaintiff herein carelessly, recklessly and negligently was coasting down the hill on Mill Street without the power on his motor in an easterly direction toward First Street. That the defendant, during all the time herein mentioned, was on the right-hand side of Mill Street and the plaintiff herein, on his motorcycle, so directed the same as to make it appear that the said motorcycle would turn south on First Street, then changed and made another turn to the left, bringing the motorcycle directly across First Street. That the defendant herein had in the meantime pulled toward the center of First Street and applied the brakes to said automobile but that the plaintiff herein recklessly, carelessly and negligently failed to apply his brakes, was coasting down said Mill Street in a reckless, careless and negligent manner and without having his motorcycle under control and that the plaintiff was further reckless, careless and negligent in operating said motorcycle in violation of the law, in this, that he was inexperienced in the operation of said motorcycle, and unlicensed as a driver, that said motorcycle was not properly equipped with the state license number and not in good working order and that the brakes were dirty and that as the result of the negligence of the plaintiff, as above set forth, all of which occurred on or about August 13th, 1920, in the city of Portland, Multnomah County, Oregon, on the streets as above set forth, the plaintiff contributed to his own negligence and said injuries, if any, that were caused to the plaintiff were caused directly and proximately by the negligence of the plaintiff contributing to the injuries as above set forth."

This allegation is denied by the reply. At a jury trial the defendant moved for a nonsuit at the close of the evidence for the plaintiff, on the ground that the plaintiff was the unlicensed operator of an un-

licensed motor vehicle on the public highway. It is contended by the defendant that this constituted contributory negligence, defeating the plaintiff's recovery. It is also urged that the court erred in overruling the motion for nonsuit because the plaintiff's own testimony showed that he approached the intersection with the intention of turning therein and failed to give timely warning of his intention by proper signal. The court overruled the motion for nonsuit as to all the grounds stated and the case proceeded to verdict and judgment in favor of the plaintiff. The defendant appeals.

1. As to the matter of signal the answer does not charge contributory negligence on that ground. No mention is made in that pleading about failure to give a signal. Under the rule that the allegation and proof must correspond, we cannot give attention to a ground of contributory negligence not charged in the answer: *Knahtla* v. *Oregon Short Line Ry. Co.,* 21 Or. 136 (27 Pac. 91).

It is admitted in the testimony that the plaintiff had no license to operate a motorcycle. Neither had he any license for the vehicle itself. It is well established that a violation of a statute commanding a certain duty is negligence *per se: Beaver* v. *Mason, Ehrman & Co.,* 73 Or. 36 (143 Pac. 1000); *Cauldwell* v. *Bingham & Shelley Co.,* 84 Or. 257 (155 Pac. 190, 163 Pac. 827); *Myrtle Point Transp. Co.* v. *Port of Coquille River,* 86 Or. 311 (168 Pac. 625). Hence, under the admitted facts the plaintiff was negligent. Speaking of this subject, Section 10 of 1 Thompson on Negligence, reads thus in part:

" * * Here the general conception of the courts, and the only one that is reconcilable with reason, is that the failure to do the act commanded, or the doing of the act prohibited, is negligence as mere

matter of law, otherwise called negligence *per se;* and this, irrespective of all questions of the exercise of prudence, diligence, care or skill; so that if it is the proximate cause of hurt or damage to another, and if that other is without contributory fault, the case is decided in his favor, and all that remains to be done is to assess his damages."

In this excerpt appear for consideration two things in the rules about negligence. One is that the negligence involved must be the proximate cause of hurt, and the other is the matter of contributory negligence. It is conceded by the defendant that while the rule in Massachusetts and New Jersey, and formerly in Maine, is that a person operating a vehicle without license for himself, or without license for the vehicle itself, is a trespasser on the highway, to whom no duty is owing except to refrain from injuring him wantonly or willfully, by the great weight of authority in the large majority of the state courts the lack of license for either person or vehicle does not affect the case unless that of itself contributes to the injury. The matter is of first impression in Oregon.

2. In matters of personal injury the law looks to the proximate and not to the remote cause. So far as the testimony goes, the jury had a right to believe that the plaintiff operated the motorcycle with the same care and skill as if he had been fully licensed. The injury arose immediately from the manner in which the two vehicles were managed. The lack of license had no causal effect in producing the mishap. It is urged that the plaintiff was a trespasser on the street, but he was not a trespasser upon any of the defendant's rights. The owner of the fee of the land covered by the street is not here complaining. The defendant cannot claim under the fee owner's right as against the trespasser.

So far as violating the public rules of conduct embodied in the ordinance or in the statute, the governmental authority, either of the state or the city, had prescribed a remedy by which the plaintiff may be arrested and fined or imprisoned. This does not inure to the benefit of the defendant.

3. In other words, the defendant is not in a position to claim either against a trespasser or upon violation of another's private right or of a public statute. His rights have not been invaded. In accordance with the great weight of authority the defense interposed, based upon the want of license, is not good, because although it amounts to negligence on the part of the plaintiff, it is not contributory negligence affecting the case and does not transgress upon any of the rights of the defendant. The following cases are instructive upon the point and portray the weight of precedent in the different states: *Stovall* v. *Corey Highlands Land Co.*, 189 Ala. 567 (66 South. 577); *Shimoda* v. *Bundy*, 24 Cal. App. 675 (142 Pac. 109); *Atlantic Coast Line R. R. Company* v. *Weir*, 63 Fla. 69 (58 South. 641, Ann. Cas. 1914A, 126, 41 L. R. A. (N. S.) 307); *Porter* v. *Jacksonville Electric Co.*, 64 Fla. 409 (60 South. 188); *Crosson* v. *Chicago Electric Co.*, 158 Ill. App. 42; *Phipps* v. *City of Perry*, 178 Iowa, 220 (159 N. W. 653); *Walford* v. *City of Grinnell*, 179 Iowa, 689 (161 N. W. 686); *Anderson* v. *Sterrit*, 95 Kan. 483 (148 Pac. 635); *Moore* v. *Hart*, 171 Ky. 725 (188 S. W. 861); *Armstead* v. *Lounsbury*, 129 Minn. 34 (151 N. W. 542, L. R. A. 1915D, 628); *Marquis* v. *Messler*, 39 R. I. 563 (99 Atl. 527); *Southern Railway* v. *Vaughan's Admr.*, 188 Va. 692 (88 S. E. 305, Ann. Cas. 1918D, 842, L. R. A. 1916E, 1222); *Switzer* v. *Sherwood*, 80 Wash. 19 (141 Pac. 181, Ann. Cas. 1917A, 216); *Derr* v. *Chicago, M. &*

*St. P. Ry. Co.,* 163 Wis. 234 (157 N. W. 753); *Maryland Refining Co.* v. *Duffy,* 94 Okl. 16 (220 Pac. 846, 35 A. L. R. 52 and note); note to *City of Nashville* v. *Black,* 12 A. L. R. 458.

The judgment of the Circuit Court is affirmed.

AFFIRMED. REHEARING DENIED.

McBRIDE, C. J., and BEAN and RAND, JJ., concur.