Argued February 7, affirmed April 16, 1929.

E. D. WILSON *v.* EMIL BITTNER.

(276 Pac. 268.)

For appellant there was a brief over the name of *Messrs. Dey, Hampson & Nelson,* with an oral argument by *Mr. Clarence J. Young.*

For respondent there was a brief over the names of *Messrs. Davis & Harris* and *Mr. W. J. Cooper,* with an oral argument by *Mr. Paul R. Harris.*

RAND, J.—This is an action for damages for personal injuries. The cause was tried by the court without a jury and plaintiff had judgment for $825, from which defendant has appealed. It appears from the evidence that plaintiff, while operating a motorcycle on a public highway, met a truck owned and operated by defendant and proceeding in an opposite direction and, in passing the same, caught his left hand between one of the handle-bars of the motorcycle and a projection on defendant's truck, causing one of his fingers to be crushed and permanently injuring his hand. At that point there was a cement pavement nine feet wide in the middle of the road and a graveled strip three feet wide on each side of the pavement, on the outer edge of which, on the plaintiff's right-hand side, was a depression or ditch. The evidence tended to show that the surface of the graveled strip was composed of loose gravel and rock, rendering it hazardous for use by motorcycles while being operated at any ordinary speed. Plaintiff at the time was traveling from twenty to twenty-five miles per hour and defendant twelve to fifteen miles per hour. The parties were within plain view of each other for a distance of about 300 yards, the truck proceeding slightly upgrade and plaintiff slightly downgrade. The truck in its widest

part was six feet and the spread of the handle-bars of the motorcycle was three feet.

Defendant admitted that he was driving his truck in the center of the pavement but claimed that he expected plaintiff, in passing, to turn out on to the graveled portion of the highway, when, upon observing that plaintiff was not turning out, he commenced to turn to the right and at the time of the impact his front right wheel had left the pavement. According to plaintiff's testimony, he was riding on the extreme right side of the pavement and expected defendant to give him sufficient space on the pavement to pass and, upon reaching a distance of about fifteen feet from the truck and seeing that the defendant was not going to do so, he pulled out on to the graveled portion of the highway to the edge of the road and, in passing the rear end of the truck, caught his hand between the handle-bars and a projection on the truck.

The specific negligence charged in the complaint was that defendant failed and refused to give half or any part of the road as required by Section 2, subdivision 1, Chapter 371, Laws of 1921, which, as amended by Chapter 165, Laws of 1925, and in force at the time of the accident, provided:

"Vehicles proceeding in the opposite direction shall pass to the right, giving one-half of the road to each."

█ The court found that the defendant was negligent, that plaintiff was not guilty of contributory negligence and that defendant's negligence was the sole cause of the injury. This finding, by force of the statute, is deemed a verdict and is conclusive upon appeal if there is any evidence to support it. In approaching the truck, plaintiff had a right to rely upon defendant's observance of the law of the road,

and was not bound to anticipate his failure to do so until it was obvious to him that defendant would not turn out and permit him to proceed on the pavement and when this became apparent to him, according to plaintiff's testimony, he was compelled to turn out on to the graveled portion of the highway. There was no evidence tending to show that plaintiff could have stopped his motorcycle after observing that defendant was not going to give him sufficient passing space on the pavement and, to avoid a collision, the evidence shows that plaintiff turned off of the pavement. Motorcycles are vehicles within the meaning of the statute and it was defendant's duty to give half of the road to plaintiff. His failure and refusal to do so, since it was a violation of the statute, was negligence *per se*. We think there was sufficient evidence to support the findings and that defendant is responsible for the consequences of his wrongful act in refusing to obey the mandates of the statute.

 Defendant contends, however, that plaintiff cannot recover because plaintiff had lost the vision of his left eye and had no license to operate a motorcycle at the time of his injury. The combination of these two facts the defendant contends is a bar to plaintiff's right to recover for defendant's negligence. Section 20 of the Oregon Motor Vehicle Law, Laws of 1921, Chapter 371, provides:

"Any person who has lost the use of one hand or one foot, or who has lost the use of both feet, or whose eyesight or hearing are greatly impaired, shall be considered physically incapacitated; provided, the secretary of state may, in his discretion and in such form as he may determine, issue a special license or permit to any such person, upon receipt of such evidence or demonstration as shall satisfy him that such person has had sufficient experience in the

operation of a motor vehicle to enable him to operate the same without endangering the safety of the public. The fee for such special license or permit shall be $1.''

While it is true that plaintiff, prior to the accident, had lost the vision of his left eye, yet the evidence showed and the court found that his right eye was normal and that his eyesight had not been greatly impaired by the loss of his left eye. There was no causal connection shown between the loss of vision of plaintiff's left eye and the accident, nor was anything shown which would have rendered it improper for the Secretary of State to have issued him a special permit if application therefor had been made. According to all of the testimony of the case, plaintiff's eyesight was good notwithstanding that he had lost the sight of his left eye. Although plaintiff's range of vision at any given instant of time was, of course, somewhat restricted by the loss of his left eye but, since the other eye was normal, we cannot say as a matter of law that the plaintiff was so incapacitated that he could not operate a motorcycle on a public highway without endangering the safety of the public, or that if he had not lost the sight of his left eye he would not have sustained the injury complained of. The fact that he was blind in one eye and the further fact that he had received no special permit to operate a motorcycle and that he was at the time operating a motorcycle without any license were conditions surrounding the accident but not the proximate cause of the injury. The right of an unlicensed operator of a motor vehicle on a public highway to recover for personal injuries under circumstances similar to those involved here was con-

sidered and upheld in *Speight* v. *Simonsen,* 115 Or. 618 (239 Pac. 542, 43 A. L. R. 1149), in which this court, speaking through the late Mr. Justice BURNETT, said:

" * * In accordance with the great weight of authority the defense interposed, based upon the want of license, is not good, because although it amounts to negligence on the part of the plaintiff, it is not contributory negligence affecting the case and does not transgress upon any of the rights of the defendant."

The judgment will be affirmed. AFFIRMED.

COSHOW, C. J., and McBRIDE and ROSSMAN, JJ., concur.