Argued July 9, affirmed September 8, 1965

## PARKER *v.* HOLMES
405 P. 2d 619

*Wayne G. Helikson,* Eugene, argued the cause and filed briefs for appellant.

*Richard Bryson,* Eugene, argued the cause for respondent. On the brief were Calkins and Bryson.

Before McALLISTER, Chief Justice, and SLOAN, GOODWIN, HOLMAN and LUSK, Justices.

LUSK, J.

This is an appeal from a judgment for defendant in an action based on negligence to recover damages for personal injury and injury to property growing out of a collision of automobiles.

The only question is whether the amended complaint states facts sufficient to constitute a cause of action. That pleading alleges, in its first cause of action:

> "I.
>
> "At all times material herein, Mill Street and Centennial Boulevard were paved, public streets which intersect at right angles in Springfield, Lane County, Oregon; Mill Street extending north and south, and Centennial Boulevard extending east and west.
>
> "II.
>
> "On April 30, 1963, the plaintiff, Belton Lamar Parker, was driving a Ford pickup truck east on Centennial Boulevard at about 4:15 p.m. As the plaintiff drove through the described intersection, the defendant, driving an International log truck through Springfield on a southerly direction on Mill Street, drove with great force into the side of

the pickup truck driven by plaintiff causing plaintiff to be thrown violently out of the pickup and to suffer serious and permanent bodily injuries as hereinafter described.

## "III.

"At the time of the collision an ordinance prohibiting through truck traffic on Mill Street in the City of Springfield was in force and effect. The ordinance, Number 1609, passed by the Common Council and approved by the Mayor of Springfield, December 28, 1960, provided in part as follows:

" 'Ordinance No. 1609. AN ORDINANCE PROHIBITING THROUGH TRUCK TRAFFIC * * * ON MILL STREET IN THE CITY OF SPRINGFIELD, PROVIDING A PENALTY FOR VIOLATION THEREOF AND DECLARING AN EMERGENCY.

" 'THE CITY OF SPRINGFIELD DOES ORDAIN AS FOLLOWS:

" '*Section 1*: The Common Council does determine that the control of the driving and operation of * * * through truck traffic in the City of Springfield constitutes a matter of serious concern for the future maintenance of the City streets in the City of Springfield. The Common Council further determines that the use of Mill Street in the City of Springfield has been greatly increased by reason of certain traffic pattern changes arising out of relocation of state highways and that through truck traffic * * * on Mill Street in the City of Springfield has become excessive and should be prohibited.

" '* * * * *

" '*Section 3*: Any and all through truck traffic is hereby prohibited on Mill Street from Main Street to the City limits. It shall be unlawful for any person to drive or operate any truck on a through traffic basis on Mill Street from Main to the City limits.

" 'Any person convicted of violation of this ordinance in the Municipal Court shall be fined not less than $10.00 nor more than $200.00 for each violation thereof.

" '* * * * * *

" 'Section 5: The Common Council does deem that the control of truck traffic on Mill Street in the City of Springfield constitutes a matter of great concern to the peace, health and welfare of the City of Springfield and does declare that an emergency exists and that this ordinance shall take effect immediately upon its passage and approval by the Mayor.'

"IV.

"The defendant was negligent at that time and place in one or more of the following:

"1. In operating the International log truck through Springfield on Mill Street."

The remaining allegations have to do with plaintiff's damages which are alleged to be "a direct and proximate result of defendant's negligence." A second cause of action, seeking to recover damages for injury to plaintiff's pickup truck, is substantially identical with the first in its allegations of negligence and proximate cause.

As originally filed, the amended complaint contained six additional allegations of negligence relating to speed, control, lookout, etc. Upon the case being called for trial counsel for plaintiff withdrew all these allegations, leaving only the allegation that defendant was negligent "[i]n operating the International log truck through Springfield on Mill Street." Counsel for defendant thereupon objected to the introduction of any evidence on the ground that the amended complaint as thus emasculated failed to state a cause of

action. The court so held and entered judgment for defendant.

As presented to the circuit court and here, the question is whether the naked charge that defendant was negligent in operating a log truck through Springfield on Mill Street and that plaintiff was damaged thereby states a cause of action. Stated differently, the question is whether violation of the ordinance forbidding through truck traffic on Mill Street was the proximate cause of the damages claimed by plaintiff.

■ Plaintiff argues that, apart from the question of violation of the ordinance, the complaint contains a general allegation of negligence which is sufficient under such cases as *Cunningham v. Oregon Farmers Inst.,* 168 Or 452, 454, 124 P2d 304; and *Weinstein v. Wheeler,* 135 Or 518, 528, 295 P 196, 296 P 1079. We think that the pleading cannot fairly be so construed. Defendant is not charged with negligence in his manner of operating the log truck, but with negligence in operating it "through Springfield on Mill Street," and, by unmistakable inference, in violation of the ordinance. This is a specific allegation of negligence to which plaintiff is confined: *Cunningham v. Oregon Farmers Inst.,* supra, 168 Or at 456. It is evident, indeed, that the purpose of counsel for plaintiff in withdrawing the other specific charges of negligence was to present the case on the single question whether violation of the ordinance in and of itself was sufficient to make a prima facie case of negligence and causation.

■ We agree with the trial judge that it did not. Violation of the ordinance could not be regarded as negligence unless the ordinance was designed as a protection against such injuries: *Rose v. Portland Traction Co.,* 219 Or 1, 15, 341 P2d 125, 346 P2d 375,

and Oregon cases there cited. See, also, *Ashland v. Pacific P. & L. Co.*, 239 Or 241, 397 P2d 538, 540. The city of Springfield ordinance was not designed to protect the plaintiff or other members of the traveling public from injury by trucks operated on Mill Street, but to protect the street from deterioration caused by such traffic. The council found, and so recited in the ordinance, that control of "the driving and operation of loaded log trucks and through truck traffic" was "a matter of serious concern *for the future maintenance of the city streets*" (italics added), and that such traffic on Mill Street had "become excessive and should be prohibited." These were the reasons for enactment of the ordinance. It was not a safety measure. Had it been, one might suppose that all truck traffic on Mill Street would have been prohibited for it is not perceived that trucks traveling *through* the city would constitute a greater danger to others than those traveling only part way. The defendant may have been a trespasser, but, as we said in *Speight v. Simonsen,* 115 Or 618, 622, 239 P 542, 43 ALR 1149, in holding that a plaintiff driving a motorcycle was not contributorily negligent because he had no license either to operate the motorcycle or a license for the vehicle itself, he may have been "a trespasser on the street, but he was not a trespasser upon any of the defendant's rights." See, upon this subject, 7 Am Jur 2d 914-915, Automobiles and Highway Traffic, §§ 367, 368; 1 Shearman & Redfield on Negligence (rev ed) § 12.

■ At the hearing the plaintiff offered in evidence the minutes of a meeting of the Springfield City Council, claimed to show that the ordinance is a safety measure. The court sustained an objection to the admission of this evidence. We think the ruling was

correct, for the ordinance is unambiguous in the statement of its purpose and it is not permitted to resort to extrinsic evidence to determine the legislative intent where there is no ambiguity in the legislation and the intent is plainly expressed: *State v. Schanepp,* 103 Or 240, 242-243, 204 P 612.

The judgment is affirmed.