Argued October 9, affirmed October 24, 1974

LUNSKI, *Respondent, v.* LINDEMANN, *Appellant.*

527 P2d 254

*Sam F. Speerstra,* Salem, argued the cause for appellant. With him on the briefs were Rhoten, Rhoten & Speerstra, Salem.

*Rolf T. Olson,* Salem, argued the cause for respondent. With him on the brief were Michael B. Dye, and Dye & Olson, Salem.

Before McALLISTER, Presiding Justice, and HOLMAN, TONGUE, HOWELL, SLOPER and LEAVY, Justices.

TONGUE, J.

This is an action for damages for personal injuries sustained in a collision between plaintiff's motorcycle and defendant's automobile. The case was tried before a jury, which returned a verdict in favor of plaintiff in the sum of $52,500. Defendant appeals from the resulting judgment. We affirm.

Defendant's principal contention is that the trial court erred in rejecting an offer of proof that at the time of the accident plaintiff, then 15 years of age,

"did not have a valid Oregon operator's license" with the "motorcycle endorsement thereon."[1]

Thus, defendant contends that plaintiff's "act of operating his motorcycle on a public highway without an operator's licence and without a motorcycle endorsement showing that [he] had been examined and was qualified to operate a motorcycle on the highway was the violation of a statute amounting to negligence per se;" and that a presumption then arose that he "did not have the requisite qualifications, skill and judgment to operate a motorcycle on the public highways, and was thus endangering himself and other persons," so as to impose upon plaintiff "the burden of producing evidence that, nevertheless, he was acting reasonably and was qualified." Defendant also contends that the enactment of the statute (ORS 482.192; 482.194) requiring the motorcycle endorsement was for the protection of not only plaintiff, but the general public, including defendant, and that its violation "transgressed" his rights.

In *Speight v. Simonsen,* 115 Or 618, 622, 239 P 542 (1925), this court held that the failure of the plaintiff in that case, also the operator of a motorcycle, to have a valid operator's license, although constituting negligence per se, did not constitute such contributory negligence as to bar plaintiff from relief because it "had no causal effect in producing the mishap."

Defendant says that since that case was decided in 1925 the legislature in 1965 enacted a statute (ORS 482.194) which now requires a "motorcycle endorsement" for the purpose of determining whether the

---

[1] Defendant also assigns errors relating to pleadings, evidence and instructions concerning this same question.

operator is "qualified to operate a motorcycle in such manner as not to jeopardize the safety of persons or property," and that because of the enactment of that statute our decision in *Speight* is no longer controlling.

On the contrary, although we have not previously had occasion to consider the effect of ORS 482.194 in such a case, we have continued to regard the rule of *Speight* as good law. See *Wilson v. Bittner,* 129 Or 122, 127-28, 276 P 268 (1929); *Halsan v. Johnson,* 155 Or 583, 589, 65 P2d 661 (1937); *Parker v. Holmes,* 241 Or 270, 275, 405 P2d 619 (1965). See also *Staples v. Senders,* 164 Or 244, 255, 96 P2d 215, 101 P2d 232 (1940); *Henthorne v. Hopwood et al,* 218 Or 336, 348, 338 P2d 373, 345 P2d 249 (1959); and *Cutsforth v. Kinzua Corp.,* 267 Or 423, 433, 517 P2d 640 (1973).

That rule is also consistent with the rule adopted by the courts in a majority of jurisdictions which have considered this question. Thus, as stated in an annotation in 29 ALR2d 963, 970 (1953):

> "The weight of authority is to the effect that, since the operator's negligence is to be determined by the facts existing at the time of the accident, mere lack of an operator's license is not in itself evidence of negligence in the operation of the motor vehicle in the absence of some causal connection between the injury and the failure to have the license, many of these cases having discounted any causal relation, and holding, therefore, that the lack of a license was immaterial to the issue of negligence, original or contributory, in the operation of the vehicle at the time of the accident."

See also 1 Blashfield, Automobile Law and Practice 344-45, § 51.11 (1965). Cf. Prosser, The Law of Torts 193-94, § 36 (4th ed 1971).

It may be that the operation of a motorcycle is

more hazardous than the operation of an automobile. However, it is difficult to distinguish on principle the cases involving the failure of a plaintiff to have a valid license to operate an automobile. Operators of automobiles, as well as motorcycles, must undergo tests to determine whether they are qualified to operate such vehicles safely and at least one primary purpose of licensing operators of both motorcycles and automobiles is to protect the safety of other persons.

For these reasons we hold that the trial court did not err in rejecting defendant's offer of proof.

Defendant also assigns as error the denial of his motion for a mistrial "based on the injection of insurance" by plaintiff's attorney in his examination of defendant as an adverse witness. In the course of that examination plaintiff's counsel inquired whether defendant had a "sign indicating that [he was] in real estate and also insurance was sold," and whether he had "an insurance business as a part of [his] real estate business," to which defendant responded that his son had taken over the insurance part of his business and worked out of that office. Plaintiff's attorney also asked defendant whether or not he had used any written statement to refresh his recollection.

■ The questions asking defendant whether he had a sign indicating that insurance was sold at his office and whether insurance was a part of his business were improper. As a general rule, whether questions which "inject insurance" into a case are sufficiently prejudicial so as to require the granting of a mistrial is a matter to be determined by the trial judge. See *Guthrie v. Muller,* 213 Or 436, 443-44, 325 P2d 883 (1958); *Blake v. Webster Orchards,* 249 Or 348, 354-

56, 437 P2d 757 (1968); and *Garber v. Martin,* 261 Or 410, 494 P2d 858 (1972). This same rule has been applied to demands for production of written statements of witnesses. See *Rigelman v. Gilligan,* 265 Or 109, 117, 506 P2d 710 (1973).

■ The intentional injection of insurance in the trial of a personal injury case is ordinarily a ground for a mistrial unless the circumstances are such as to negate the likelihood of prejudice. See *DeSpain v. Bohlke,* 259 Or 320, 486 P2d 545 (1971). Even in such a case, however, the granting or denial of a motion for mistrial is ordinarily a matter to be determined by the trial judge in the exercise of his discretion. Under the circumstances of this case, and considering the nature and contents of these questions, we do not believe that there was an abuse of discretion by the trial judge in denying defendant's motion for a mistrial.

Finding no error, the judgment of the trial court is affirmed.