Argued May 22, affirmed July 5, 1978

PATEREAU, *Respondent,*
*v*
FRANCIS, *Appellant.*
(No. 170 471, CA 10011)
580 P2d 1080

Todd A. Bradley, Portland, argued the cause and filed the briefs for appellant.

Thomas E. Laury, Portland, argued the cause for respondent. On the brief was Carles B. Guinasso, Portland.

[ 239 ]

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

ROBERTS, J.

## ROBERTS, J.

This is an appeal from the judgment of the district court entered after a jury found defendant 90 percent at fault in an automobile accident involving plaintiff and defendant. Defendant claims that her motion for a mistrial, based upon the injection of liability insurance into the case, should have been granted.

If the topic of insurance is intentionally injected into a case, it "is ordinarily a ground for a mistrial unless the circumstances are such as to negate the likelihood of prejudice." *Lunski v. Lindemann,* 270 Or 316, 321, 527 P2d 254 (1974). If, on the other hand, insurance is mentioned inadvertently, the granting of a mistrial is in the discretion of the trial court. *Blake v. Webster Orchards,* 249 Or 348, 437 P2d 757 (1968).

The reference to insurance in this case occurred on direct examination of plaintiff by her counsel:

"Q.  (By Mr. Guinasso) Now, as she indicated, you called her the following day to complete the information business?

"A  [By plaintiff] Yes.

"Q  . . . exchange of information. Now, after you had done that or while you were in that conversation, was anything said about how the accident happened, to your recollection?

"A  Not about how the accident happened. She did say there was a pickup truck that motioned her through and she did mention that she saw me.

"Q  And did she say anything else?

"A  Well, she said it was because of people like me that her rates go up.

"Mr. Bradley: Objection your Honor.

"Q  (By Mr. Guinasso) Did you at that time . . .

"Mr. Bradley: I move that the answer be stricken.

"COURT: All right. Ladies and gentlemen, I will instruct you that the witness's response in the last question is not properly before you and you will strike that and not take that into consideration in this case."

Defendant claims that this constituted an intentional injection of insurance into the case. As evidence of plaintiff's intention, defendant points only to the fact that the conversation in which the remark occurred was discussed by counsel with the judge before trial. No formal motion to exclude the statement was made at that time and the trial court made no ruling on the matter.

Defendant did not move for a mistrial immediately as is required, *State Highway Comm. v. Carmel Est.,* 15 Or App 41, 514 P2d 1124 (1973), and the court correctly denied the motion. In ruling against a mistrial, the judge also stated that he believed that the injection of insurance was inadvertent. Under these circumstances, the court had discretion to grant or deny defendant's motion. *Blake v. Webster Orchards, supra.* No abuse of discretion has been shown here where the mention of insurance was indirect, was immediately stricken, and a curative instruction was given.

Affirmed.