Argued and submitted February 13, reversed and
remanded April 21, reconsideration denied May 15,
petition for review denied July 17, 1980 (289 Or 373)

# BENTON,
*Appellant,*

*v.*

# JOHNSON,
*Respondent.*

## (No. A7703-03971, CA 13703)

609 P2d 890

Gregory Kafoury, Portland, argued the cause for appellant. With him on the brief was Kafoury & Hagen, Portland.

Hugh B. Collins, Medford, argued the cause and filed the brief for respondent.

Before Joseph, Presiding Judge, Richardson, Judge, and Schwab, Chief Judge.*

RICHARDSON, J.

---

*Schwab, C.J., *vice* Lee, J., deceased.

## RICHARDSON, J.

Plaintiff, who is mentally retarded and suffers from schizophrenia, brought this action for outrageous conduct against defendant, an ophthalmologist whom plaintiff had consulted professionally. Plaintiff alleged that she was induced by defendant to engage in sexual intercourse, that she became pregnant, that she gave birth to a child and that eventually her parental rights were terminated, with the result that she suffered and will continue to suffer emotional distress. She sought $250,000 general damages and $250,000 punitive damages.

In his opening statement to the jury, defendant's trial counsel stated:

"Now, unlike some of these automobile accident cases and other cases that have been presented to you, this is not an insurance case. They're asking for half-a-million dollars from [defendant], personally."

The trial court denied plaintiff's motion for a mistrial based on defense counsel's statement that his client did not have insurance coverage. The jury returned a verdict for defendant, subscribed to by nine of its members, and plaintiff appeals, assigning as error the denial of her motion for mistrial. We reverse and remand.

Plaintiff contends that defendant's reference to insurance was intentional and was prejudicial. She relies on the principle enunciated and refined in numerous Oregon cases, typified recently by *Lunski v. Lindemann,* 270 Or 316, 527 P2d 254 (1974), in which the court stated:

"The intentional injection of insurance in the trial of a personal injury case is ordinarily a ground for a mistrial unless the circumstances are such as to negate the likelihood of prejudice. See *DeSpain v. Bohlke,* 259 Or 320, 486 P2d 545 (1971). Even in such a case, however, the granting or denial of a motion for mistrial is ordinarily a matter to be determined by the trial judge in the exercise of his discretion. * * *" 270 Or at 321.

*Cf. Patereau v. Francis,* 35 Or App 239, 580 P2d 1080 (1978).

It is well known to the bench and bar that disclosures to the jury regarding liability insurance coverage of parties in personal injury cases are almost always irrelevant and improper.[1] Review of the trial court's exercise of discretion involves the questions whether evidence regarding the availability of insurance to pay any award of damages would have been admissible and, absent the admissibility of the evidence, whether under all the circumstances we can say there was no liklihood of prejudice.

In this case, defendant advances three basic arguments to support his proposition that reversal is not warranted here: first, that the cases on which plaintiff relies involved disclosures that a defendant *was* insured rather than, as here, that the defendant was not, and that the rationale of those cases does not apply; second, that defendant was entitled to adduce evidence of his uninsured status because plaintiff's prayer for punitive damages placed defendant's wealth in issue; and third, that plaintiff was not prejudiced by the reference to insurance, and therefore the trial judge did not abuse his discretion by denying the mistrial.

Defendant begins his first argument by positing that all Oregon cases which have held that a mistrial should result when a disclosure regarding liability insurance is made to the jury have involved a disclosure by the plaintiff that the defendant is insured. Based on dicta from those cases, defendant argues:

"The plain purpose * * * is to guarantee an insured person the same jury consideration he would receive in the absence of insurance.

"* * * * *

"* * *[The cases] are not in point * * * in a case in which an uninsured party's attorney mentions that

---

[1] There are exceptions. It might be an expedient practice for questions regarding the admissibility of evidence relating to insurance coverage to be presented to the trial court in pretrial proceedings or outside the presence of the jury at trial.

such party is uninsured. Since the reason for the rule was not present in this case, there's no 'rule' to be applied."

Neither party directs our attention to any Oregon case which specifically decides whether the disclosure to a jury that a defendant is uninsured is also grounds for a mistrial. Plaintiff cites the Washington Supreme Court's decision in *King v. Starr,* 43 Wash 2d 115, 260 P2d 351 (1953), holding:

> "The deliberate reference to the fact that respondents carried no insurance, made in the presence of the jury and in violation of the court's previous ruling that such information had no part in the case, was improper, and the prejudicial effect was not eradicated by the prompt action of the trial judge, who instructed the jury to disregard it. For this reason, the trial judge was in error in refusing to grant the motion for mistrial and in subsequently denying the motion for a new trial." 43 Wash 2d at 122-23.

The Oregon Surpeme Court held in *Davis v. Underdahl,* 140 Or 242, 13 P2d 362 (1932), a personal injury case, that the defendant was not entitled to introduce evidence that he was not insured, because the issue of his insured status was not material. It is not *wholly* clear whether that holding in *Davis* was intended to express a general rule or was limited to the facts of the case.

We find defendant's argument unpersuasive. The rationale for prohibiting disclosure to a jury of the fact a defendant is insured is as applicable to the fact he is not: in either event, the jury's concern or freedom from concern for the defendant's purse might influence its findings on liability and damages. We conclude that statements about and evidence of a defendant's uninsured status are proscribed to the same extent as are statements about and evidence of a defendant's insured status.

Defendant's second argument is that his wealth was relevant to the amount of punitive damages the

jury might decide to award, *State ex rel Thesman v. Dooley,* 270 Or 37, 526 P2d 563 (1974), and that the fact defendant did not have liability insurance was relevant to how wealthy he was. Defendant cites *Albrecht v. Safeway Stores, Inc.,* 159 Or 331, 80 P2d 62 (1938), for the proposition that, if evidence of a defendant's liability coverage is relevant to any question *properly* in a case, the admission of the evidence is not grounds for a mistrial.

Assuming without deciding that evidence of liability insurance could ever be relevant and admissible where punitive damages are claimed,[2] defendant's argument would nevertheless fail for at least three reasons:

First, defendant's statement was that he did *not* have insurance. We do not agree with the suggestion, implicit in defendant's argument, that a defendant against whom punitive damages are sought can prove that his wealth is small by enumerating assets he does not own (unless, or course, the plaintiff has suggested or put on evidence that the defendant does own the assets).

Second, defendant's statement about insurance went beyond the punitive damage claim. Counsel stated that plaintiff was "asking for half-a-million dollars from [defendant], personally." The prayer for punitive damages accounted for only half that amount.

Third, defendant offered no *evidence* of his uninsured status, as distinguished from the reference to it in counsel's argument. During the colloguy that followed the reference to insurance, the trial judge stated:

"I direct Mr. Paulson [defendant's trial counsel] not to allude to insurance again at any time during

---

[2] It is difficult to perceive how liability insurance, which is payable only to the extent a settled claim or judgment exists against the insured, *could* be relevant to the issue of the insured's wealth.

the trial. That's his problem; if the doctor has assets, that's his problem, if and when punitive damages are submitted to the jury."

Defendant does not argue that he attempted to introduce any evidence of his being uninsured, or that he contested the trial judge's prohibition of further allusions to insurance, or that he accepted the court's suggestion—if such it was—that he could introduce or attempt to introduce evidence of his uninsured status if the punitive damage issue was to be submitted to the jury. We reject defendant's second argument.

His remaining argument is that plaintiff was not prejudiced by the disclosure to the jury that defendant had no insurance. The principal basis for that argument is that there was ample evidence of plaintiff's delusional and otherwise unstable and low mentality, that the jury would not have been likely to believe her, and that the reference to insurance was therefore not likely to be a source of prejudice. Defendant is correct in stating that there was evidence that plaintiff suffered from delusions and other mental problems. That evidence *could* have caused a jury to disbelieve her. However, the evidence was clear—and defendant does not appear to dispute—that plaintiff was pregnant, gave birth and subsequently had her parental rights terminated. Those facts necessarily prove the further fact that *someone* had had sexual intercourse with plaintiff, and she was therefore not deluded in so stating. She identified defendant as the father, and she alleged that the injuries she suffered resulted from her impregnation and from related acts and omissions by defendant.

Defendant also argues that the trial court gave a cautionary instruction to the jury to disregard the reference to insurance, that the jury was properly instructed on the applicable law and that the jury is presumed to have followed the court's instructions. We do not agree that the effect of the reference to insurance was cured by the instructions. *See Waterway*

[965]

*Terminals v. P. S. Lord,* 242 Or 1, 37-38, 406 P2d 556, 13 ALR3d 1 (1965); *King v. Starr, supra,* 43 Wash 2d at 122-23.

We conclude that the circumstances are not "such as to negate the likelihood of prejudice," and that it was error to deny the mistrial.

Reversed and remanded.