# New Connellsville C. &. C. Co. v. Kilgore.

## *Injury to Employe.*

(Decided June 10, 1909.   50 South. 205.)

1. *Master and Servant; Injury to Servant; Complaint.*—A complaint which alleges that the defendant operated a coal mine and that plaintiff was employed as a miner, and while in the discharge of his duties, was injured because of defects in the skidway, etc., shows sufficiently that plaintiff was engaged in the duties of his employment when injured.

2. *Same; Ways, Works, etc.*—A signal rope extending from the hoisting engine on the top of the ground down into the mine and used to signal the engineer is a part of the ways, works, machinery, etc., of the mine.

3. *Same; Pleading; Contributory Negligence.*—Where the action was for injury to a coal miner caused by defects in the skidway, a plea setting up that the plaintiff's injuries were proximately caused by his own negligence, in that he gave a signal to the hoisting engineer to pull a bucket out of the shaft at full speed, knowing that the bucket was likely to jump from the skidway and injure him, sufficiently alleges contributory negligence.

4. *Same.*—Where a coal miner sues for injuries caused by defects in a skidway resulting in a bucket jumping from it, a plea alleging that plaintiff was guilty of contributory negligence proximately contributing to his injuries in that he directed and aided in the construction of the skidway, signal and apparatus, and that the unsafe condition was known and obvious to him, and that he remained in the service after such knowledge, is sufficient.

5. *Same.*—A plea of contributory negligence which does not allege that the plaintiff's negligence contributed proximately to the injury is not sufficient.

6. *Same.*—Where the action was for injuries to a miner caused by a defective skidway out of which a bucket jumps, a plea thereto alleging that plaintiff's injuries were the proximate result of his own

[New Connellsville C. & C. Co. v. Kilgore.]

negligence in that he stood near the skidway knowing of its defective condition, and thereby exposed himself to danger, sufficiently charges contributory negligence.

7. *Same; Disobedience of Instruction.*—Where a servant is injured as the proximate result of his own negligence in failing to obey the instructions of the master, he cannot recover.

8. *Same.*—Where the action is for injuries caused by defects in the signal wire extending from the hoisting engine into the mine, a plea alleging that plaintiff constructed and superintended the construction of the signal wire and that by reason of his contributory negligence the wire became defective proximately causing the injury, is not subject to demurrer that it does not allege that plaintiff was entrusted with the duty of seeing that the ways, works, etc., of the plant were in proper condition.

9. *Same.*—A plea alleging that at the place where plaintiff was injured there was no place fixed on the wire for signalling, and that it was the custom to do all the signalling from the top or bottom of the shaft, and that plaintiff should have used the accustomed places to do the signalling, is not sufficient as an answer to an ac-·tion for injuries to a miner caused by defects in the signal wire thereby preventing the instant transmission of signals to the hoisting engineer.

10. *Same; Assumpsion of Risk.*—A plea attempting to set up assumption of risk, but alleging facts showing contributory negligence is insufficient.

11. *Same.*—A plea alleging that plaintiff was guilty of negligence proximately contributing to his injuries in that he had knowledge of the defect, and with such knowledge remained in the employ for an unreasonable length of time is sufficient as a plea of assumption of risk.

12. *Same; Negligence of Fellow Servant.*—Where the action was for injuries to a servant in a coal mine caused by defects in a skidway which allowed a bucket to jump out, a plea alleging that the injuries were the proximate result of the negligence of a fellow servant, in that a timber was negligently loaded in the bucket causing the injury, is sufficient.

13. *Same; Ways; Works, etc.*—A skidway built of timbers in a coal mine on which a bucket is operated to hoist coal and timber out of a mine by a rope attached to the bucket from a hoisting engine in accordance with signals given by a wire connected with the engine, is, with the bucket a part of the plant.

14. *Same; Negligence; Jury Question.*—Where the plaintiff testified that he had had no trouble with the rope until the night of the accident, whether the rope was defective or not, was a question for the jury, the action being for injuries to a miner caused by defect in a bucket, skidway and rope connected therewith.

15. *Same; Evidence.*—Where there was no evidence as to how long before the accident, the plaintiff had discovered the defect in the appliances used to hoist materials out of the mine, the question of a reasonable·time was one for the jury.

16. *Negligence; Contributory Negligence; Pleading.*—Pleas of contributory negligence must allege the facts constituting the negligence.

[New Connellsville C. & C. Co. v. Kilgore.]

17. *Charge of Court; Invading Province of Jury.*—A court is never required to give a charge asserting that there is no evidence of a particular fact.

18. *Evidence; Res Gestae.*—Expressions of pain made by an injured person are admissible if forming a part of the res gestae of the accident.

19. *Same; Opinion Evidence.*—Matters of common observation may be made the basis of the opinion of the witness; so a witness familiar with such things may, give his opinion as to whether a hoisting bucket in a coal mine is more liable to jump out of the skidway when going fast, and' whether it is dangerous to stand by the skidway when the bucket is traveling up, and as to whether the bucket is liable to jump when running at a certain speed.

20. *Appeal and Error; Harmless Error; Evidence.*—Where a' witness without objection has practically answered a question, it is not error to overrule an objection to the same question when subsequently asked.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Action by Robert Kilgore against the New Connellsville Coal & Coke Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The cause was tried on the following counts:

(3) "Plaintiff claims of the defendant the sum of $10,000 damages, for that, to wit, heretofore, on March 6, 1908, and prior thereto, the defendant was a body corporate, and engaged in the business of mining coal at or near Connellsville, in Jefferson county, Ala.; and plaintiff avers that on said date he was in the employment of defendant in said coal mine as a miner and laborer in and about the operation of said mine, and while so employed he was engaged in cutting a brace through or opening between the air shaft and slope; and plaintiff avers that while in the discharge of his duties, and in the line and scope of his employment as such miner and laborer, it was necessary for him to be near the said air shaft to give signals to the engineer in charge of the hoist in said shaft in and about the hoisting of timbers to the place where plaintiff was at work. Plaintiff further avers that in said air shaft there was a skid-

way built of timbers on which a bucket was operated
for the purpose of hoisting coal and timber and other
things in and out of the mine, there being a rope attach-
ed to said bucket from a hoisting engine on top of the
ground, and that signals were given to the engineer in
charge of said engine by means of a wire connected with
said engine room and extending down into the mine.
Plaintiff avers that while near said shaft, having tim-
bers hoisted to his work, said bucket jumped off, or was
jerked off, said skidway, and caught plaintiff between
the timbers of said mine, breaking, mashing, and bruis-
ing his right shoulder cutting, mashing, and bruising
his face, and otherwise bruising, injuring, and lacerat-
ing his body severely, injuring him internally, which
resulted in permanent injuries to his right shoulder and
arm; that he has paid out or obligated himself to pay
out large sums of money for medicine, medical atten-
tion, nursing, and proper diet; that he has lost his earn-
ing power; that he was confined to his bed for a long
space of time; that he has sustained great mental agony
and physical suffering, and was made sick, sore, and
lame; that he was permanently injured and disabled.
And plaintiff avers that his said injuries were proxi-
mately caused by reason of a defect in the condition of
the ways, works, machinery, or plant connected with or
used in the business of the defendant, and that said
defect consisted in this: That the timbers out of which
the skidway was built were not evenly joined together,
and the said skidway was rough and uneven, thereby
proximately causing said bucket to jump out of said
skidway and injuring the plaintiff as aforesaid. And
plaintiff avers that said defect arose from, or had not
been discovered or remedied owing to, the negligence
of defendant, or of some person intrusted by the defend-
ant with the duty of seeing that the ways, works, ma-
chinery, or plant were in proper condition."

(4) Same as 3, except that the defect is alleged to have consisted in the fact that the bucket used in lowering and hoisting timbers was broken, and the edges thereof rough and uneven, thereby proximately causing said bucket to catch at the joints of said skidway and jump out, or be jerked out, of said skidway.

(5) Same as 3, except that the defects are alleged to consist in this: "That the signal wire from the bottom of the mine to the engine room was rough, crooked, and knotted, thereby preventing signals being instantly transmitted to the engineer, and thereby proximately causing said bucket to jump out of said skidway when it caught in said skidway, and injuring plaintiff," etc.

(6) Same as 3, except that the defect is alleged to have consisted in this: "That an iron band around said bucket, and upon which said bucket slid up and down, was broken, thereby proximately causing said bucket to catch in said skidway, and jump out, or be jerked out, of said skidway."

The following pleas were filed to the complaint originally:

(5) "As a further answer to the first count, defendant says that the plaintiff's alleged injuries were the proximate result of his own negligence, which consisted in this: That he gave a signal to the hoisting engineer to pull the bucket out of the shaft at full speed, well knowing and obvious of the fact that said bucket was apt to jump from said skidway and injure him at the place alleged."

(7) "That plaintiff's said injuries were the proximate result of the negligence of his fellow servant, in that said timber was insecurely and negligently loaded on said bucket, in that it was not tied or fastened, and by reason thereof said timber became loose, causing the injury as aforesaid by falling against or upon plaintiff, as a prox-

imate result of the said negligence of plaintiff's fellow servant, viz., Coe, in loading said timber."

(9) "That plaintiff was guilty of negligence which proximately contributed to his alleged injuries in this: That he had control and direction and aided in the construction of said skidway, signal apparatus, and place wherein he was injured, and that said unsafe place or condition thereof were known and obvious to the plaintiff, and that plaintiff negligently remained in the service of the defendant after such knowledge."

All these pleas were filed to the first and second count.

(C) "That plaintiff voluntarily went to the place where he is alleged to have been injured near or at said skidway, when he knew that the timber on the bucket was approaching and that it would probably strike plaintiff. Nevertheless he negligently remained in such dangerous place, and he thereby assumed the risk of being injured when the said bucket containing the timber reached the place or point where he was standing."

(D) "Plaintiff ordered one of his fellow servants, viz., T. E. Coe, to go to the bottom of said mine and there load timbers or timber on said bucket to be hoisted to the place where plaintiff was at work; that such order was given with the knowledge that it was dangerous and unsafe to so hoist such timbers from the bottom of the shaft; and that the said fellow servant, in conforming to the said order of the plaintiff, loading said timber on said bucket to hoist said bucket; and the said engineer hoisted said bucket on said skidway at a great and dangerous rate of speed, and the timber, being improperly and negligently loaded on said bucket as aforesaid, became loose and swung around causing said bucket to jump from said skidway, injuring the plaintiff as aforesaid."

[New Connellsville C. & C. Co. v. Kilgore.]

The last two pleas were filed to counts 1, 2, 3, 4, 5, and 6.

The following demurrers were filed to the pleas:

(5) "Because said plea fails to show wherein the act of the plaintiff proximately contributed to the injury complained of. Because said plea fails to set out facts which would make it obviously dangerous to give signal to the hoisting engineer to pull the bucket out of the shaft at full speed. Because said plea fails to show wherein the pulling the bucket out of the shaft at full speed was obviously dangerous."

(7) "Because said plea fails to allege in what way the timber, being loose, proximately caused the injuries complained of. Because the averments are a mere conclusion of the pleader, unsupported by the facts alleged. Because said plea fails to give the name of the fellow servant who caused the injury complained of. Because it does not appear from said plea that a fellow servant of the plaintiff did any act which in any manner contributed to or caused the injury complained of."

(9) "Because said plea fails to allege that the plaintiff continued in the service or employment of defendant after he knew of the defects complained of, and appreciated the danger thereof, for an unreasonable time. The averments in said plea to the effect that the plaintiff was guilty of contributory negligence are mere conclusions of the pleader."

(10) "Said plea fails to aver that defendant provided a reasonably safe place in which the plaintiff could do his work. Because the delegation of the maintenance of the place where the plaintiff worked to a competent person is no excuse or defense for not furnishing plaintiff with a reasonably safe place in which to work."

(C) "Because it does not allege that there was any other place at which plaintiff could have done his work

under his employment. Because it does not allege that there was a safer place for plaintiff to do his work. It is not shown that the risk assumed by the plaintiff was one of the risks reasonably incident to his employment. Because it is not shown that plaintiff knew of and appreciated the danger to which he was exposed."

(D) "Because it does not appear that the injury resulted proximately from any fault or negligence on the part of the plaintiff."

Additional pleas to the third count are as follows:

(2) "Plaintiff was guilty of negligence which proximately contributed to his alleged injury in this: That he had a full knowledge of said defect, and remained in the employ of defendant for an unreasonable length of time with such knowledge."

(4) "Defendant says the plaintiff ought not to recover in this action, because his injuries were the proximate results of his failure to obey a rule or instruction of the defendant in this: That he was not to load or cause to be loaded any timbers on said skidway at the bottom of said mine; that plaintiff, notwithstanding his knowledge of such rule, caused the bucket on said skidway to be loaded with timber at the bottom of said mine and improperly fastened in said bucket; hence plaintiff's injuries."

(5) "Defendant says that plaintiff's alleged injuries were the proximate result of his own negligence in this: That defendant stood by or near said skidway, knowing that it was in an uneven and rough condition, and that notwithstanding such knowledge plaintiff so exposed himself and was injured."

(7) "Defendant says that plaintiff, with full knowledge and aware of the defects alleged, did continue and remain in the employ of the defendant for an unreasonable length of time thereafter."

The following demurrer was filed to additional plea 2: "Because remaining in the service and employment of defendant with full knowledge of the defects complained of is not negligence per se, and no facts are stated that make it so."

To additional plea 4: "Because it seeks to set up a rule of the defendant, but fails to aver that plaintiff had knowledge of the same, and because it does not appear that what the plaintiff disobeyed was a rule or an instruction."

To the additional fifth plea: The grounds assigned to 2 and 4, and the additional ground that, for aught that appeared in said plea, plaintiff's duty required him to be where he was, because it is not averred or shown that plaintiff negligently exposed himself to danger, and because it does not appear that plaintiff appreciated the danger of standing where he was injured.

To additional plea 7 the same demurrer as filed to additional plea 2.

The additional pleas to the fifth count were as follows:

(1) "That plaintiff constructed and had control and superintendence of the construction and placing of said signal wire, and by reason of his contributory negligence said wire became crooked and knotted, which said contributory negligence proximately caused the injury alleged."

(2) "That it was the duty of plaintiff under his employment to see that said signal wire was in good condition, and as a proximate consequence of the failure of the plaintiff to perform his duty such alleged defect arose."

(3) "That at the place where plaintiff was injured there was no place fixed on said wire for signaling, and the custom was to do all the signaling from the top and

[New Connellsville C. & C. Co. v. Kilgore.]

bottom of the shaft, and that the plaintiff should have used the accustomed places to do his signaling, and that by reason of the failure to signal from the accustomed place, and the place fixed for such purpose, the plaintiff thereby caused his own injuries as alleged, well knowing the danger he incurred by so doing."

The demurrers interposed to these pleas were as follows:

(2) "Because it does not allege that the plaintiff was intrusted by the master with the duty of seeing that the ways, works, machinery, or plant was in proper condition. Because it does not allege in what way plaintiff failed to perform any duty with which he was intrusted by the master. It does not allege that any failure of duty by the plaintiff was the proximate cause of his injury."

(1) "Said plea fails to aver that said signal wire was ever in good condition. It fails to allege any fact from which contributory negligence on the part of the plaintiff might be inferred. It fails to aver that plaintiff was charged with the duty of seeing that the signal wire was in proper condition."

(3) "Because said plea is not an answer to the count."

Plea A was as follows:

"For further answer to the third, fourth, fifth, and sixth counts, defendant says that said skidway, bucket, and signal wire alleged to be defective were only temporary in their nature, and were not a part of the permanent ways, works, machinery, or plant of the defendant."

The following charges were refused to the defendant:

(18) "I charge you, gentlemen of the jury, that there is no evidence that the plaintiff was acting in the scope of his duties in giving signals at the time and place he was injured, and you cannot find for the plaintiff under

the third, fourth, fifth, and sixth counts of the complaint."

(23) "I charge you, gentlemen of the jury, that there is no evidence that the defendant knew of the defects alleged and set out in counts 3, 4, 5, and 6 of the complaint, and you cannot find for the plaintiff under said counts."

(26) "If the jury believe from the evidence that the alleged uneven joint in the skidway was not a defect in the ways, works, machinery, or plant of the defendant, then you cannot find for the plaintiff under count 3 of the complaint."

(31) Affirmative charge as to the fourth count.

(G) Affirmative charge as to the sixth count.

(H) Same as to the fifth count.

(E) Affirmative charge as to the third count.

JAMES L. DAVIDSON, and BEN G. PERRY, for appellant. No brief came to the Reporter.

T. T. HUEY, for appellee. No brief came to the Reporter.

SIMPSON, J.—This is an action by the appellee against the appellant for injuries received by the plaintiff while working in the coal mine of the plaintiff.

There was a certain "skidway" extending from the mouth to the bottom of the air way in said mine, said skidway having three-cornered pieces of timber bolted to crossties, thus forming a groove or trough, in which a large bucket about 30 inches in diameter and 4 feet deep, which slid on its side in said trough, was raised and lowered by a rope attached to a windlass or drum in the engine room at the mouth of the mine. By the side of this skidway was a wire rope, connected with a

bell in the engine room, for the purpose of signaling to
the engineer to raise and lower the bucket. There was
also a pipe through which communication might be had
with the engineer. The plaintiff was working at a
"crosscut" about 45 or 50 feet from the bottom of the
air shaft, and sent a man to the bottom for a piece of
timber. The man got a piece of green pine timber eight
or nine feet long and six inches thick, placed it in the
bucket, without fastening, and called to plaintiff to
"signal the engineer to take the slack out of the rope."
Plaintiff gave the signal to hoist the bucket, which was
obeyed, and, as he was giving or attempting to give the
signal to stop the bucket, it was thrown from the skid-
way, striking the plaintiff, and causing the injury com-
plained of. The case was tried on counts three, four,
five, and six of the complaint. The counts of the com-
plaint were properly held to be not subject to the de-
murrer, on the ground that they do not show that the
plaintiff was engaged in and about the duties of his em-
ployment at the time of the injury.—*Sloss-Sheffield S.
& I. Co. v. Chamblee,* 48 South. 664.

There was no error in overruling the demurrer to the
fifth count of the complaint on the ground that the sig-
nal rope was not a part of the ways, works, machinery,
or plant. This rope had a permanent place in the plant,
and was not like the rope in the case of *Southern Rail-
way Co. v. Moore,* 128 Ala. 434, 29 South. 659.—*Sloss-
Sheffield S. & I. Co. v. Mobley,* 139 Ala. 425, 36 South.
181; *Going v. Alabama Steel & Wire Co.,* 141 Ala. 537,
548, 37 South. 784.

The court erred in sustaining the demurrer to plea 5
While it is true that this court has held that a plea of
contributory negligence (unlike a complaint alleging
negligence) is not sufficient if it merely states a conclu-
sion of law, but must allege the facts constituting the

negligence (*Tenn. C., I. & R. R. Co. v. Herndon, Adm'r.,* 100 Ala. 451, 14 South. 287; *L. & N. R. R. Co. v. Markee, Adm'r.,* 103 Ala. 160, 15 South. 511, 49 Am. St. Rep. 21; *Western Railway of Alabama v. Russell, Adm'r.,* 144 Ala. 144, 153, 39 South. 311, 113 Am. St. Rep. 24; *Southern Railway Co. v. Shelton, Adm'r.,* 136 Ala. 191, 208, 34 South. 194), yet said fifth plea does allege the facts of the particular act of negligence, and the knowledge of the danger. It was consequently sufficient.—*A. G. S. R. R. Co. v. Roach,* 110 Ala. 266, 270, 20 South. 132.

It was error to sustain the demurrers to pleas 7, 9, and 10. They are not subject to the causes assigned.

Plea C alleges assumption of risk, but the facts alleged relate to contributory negligence, and the plea is not sufficient. Hence there was no error in sustaining the demurrer to the same.—*Southern Railway Co. v. McGowan,* 149 Ala. 440, 43 South. 378.

Plea D does not allege that the supposed negligence contributed proximately to the injury. Hence there was no error in sustaining demurrers to same.

Additional plea 2 (to the third count) and plea 7 (to the third count) are pleas of assumption of risks, and not of contributory negligence. The demurrers to said pleas were properly sustained.—1 Labatt's Master & Servant, § 305, and note "s"; *Going v. Alabama Steel & Wire Co.,* 141 Ala. 538, 542, 550, 37 South. 784.

Additional plea 5 (to the third count) is not subject to the causes of demurrer assigned, and the court erred in sustaining the demurrer to it.

The court erred in sustaining the demurrer to plea 4 (to the third count). If the injury occurred as the proximate result of the plaintiff's own negligence in disobeying instructions as alleged in the plea, he cannot recover.

While additional pleas 1 and 2 (to the fifth count) are not sufficient, yet they are not subject to the causes of demurrer assigned, and there was error in sustaining said demurrer. Additional plea 3 (to the fifth count) is no answer to the count, and the demurrer was properly sustained to the same.

There was no error in sustaining the demurrer to plea A. The description of the skidway, bucket, and wire shows that they are a part of the plant.—*Going v. Alabama Steel & Wire Co., supra.*

Charges 18 and 23, requested by the defendant, were properly refused. The court cannot be required to give a charge that there is no evidence of a particular fact.

There was no error in the refusal to give charge D.

Charge 26 was properly refused.

Charge 31 was also properly refused. There was no proof as to how long before the accident the plaintiff had discovered the defect in the bucket, and the question of reasonable time was for the jury.

For the same reason there was no error in refusing to give charge G, nor was there any error in refusing to give charge H. It was for the jury to consider whether the rope was defective, and whether the accident was due to the defect. The plaintiff testified that he had no trouble with it till that night.

It was also for the jury to consider whether there was a defect in the skidway, and whether said defect caused the accident. Consequently there was no error in the refusal to give charge E.

As to the question to the witness Costello about the expression of pain at the time of the accident, besides the fact that it was a part of the res gestæ of the accident, the witness had already testified in the same words as were used in answer to this question, to wit, "he said he was hurt." There was no error in overruling the ob-

jection to the question to the witness Costello as to whether it had been the custom to give signals to the engineer from the point where Kilgore was hurt. The witness had testified before without objection that "it had been the custom to give signals to the engineer anywhere along the line." The questions propounded to the witness Costello as to whether the bucket was more liable to jump out when going fast, whether it was dangerous to stand by the skidway when the bucket was traveling up, and whether the bucket running at such a speed would be liable to jump out related to matters of common observation, and there was no error in sustaining the objections to the questions. The court calls attention to the fact that this record is in great confusion, owing to the unnecessary number of pleas, etc., and to the fact that there are several sets of pleas and replications bearing the same numbers.

The judgment of the court is reversed and the cause is remanded.

Reversed and remanded.

ANDERSON, DENSON, and MAYFIELD, JJ., concur.