NANCY E. LINDSAY and JOSEPH HORACE LINDSAY, her husband, defendants below, plaintiffs in error, *vs.* ANGELO CECCHI, an infant, by RAFFAELO CECCHI, his next friend, plaintiff below, defendant in error.

MUNICIPAL   CORPORATIONS—AUTOMOBILE—INJURIES   TO   PEDESTRIAN— CHAUFFEUR'S LICENSE—VIOLATION OF STATUTES—NEGLIGENCE PER SE —PROXIMATE CAUSE.

Though the operation of an automobile on the streets of a city by a person without a license issued by the Secretary of State, as required by statute, is negligence *per se*, such negligence is not in itself sufficient to justify a recovery for injuries to a child struck by the automobile, where there was no actual connection between the absence of the license and the injury.

(*June* 20, 1911.)

CURTIS, Chancellor, and Associate Judges BOYCE, CONRAD and WOOLLEY sitting.

*James Saulsbury* for plaintiffs in error.

*Leonard E. Wales* for defendant in error.

Supreme Court, June Term, 1911.

WRIT OF ERROR (No. 2, January Term, 1911), to the Superior Court for New Castle County.   Action by Angelo Cecchi by his

next friend, Rafaelo Cecchi, against Nancy E. Lindsay and her husband (No. 74, September Term, 1909) to recover damages for personal injuries alleged to have resulted from the negligent operation of an automobile. Judgment for plaintiff (1 *Boyce* 185, 75 *Atl.* 376), and defendants bring error. Reversed. The facts and questions presented appear in the opinion of the court.

CONRAD, J., delivering the opinion of the court:

This action was brought in the court below by Angelo Cecchi, an infant, by his next friend, Raffaelo Cecchi, against the defendants, Nancy E. Lindsay and Joseph Horace Lindsay, her husband, to recover damages for personal injuries which the plaintiff alleges he sustained by reason of being run into, knocked down and injured by an automobile driven and operated by Nancy E. Lindsay, one of the defendants on the twenty-fourth day of March, A. D. 1909, near the intersection of Sixth and Tatnall streets in the City of Wilmington.

The plaintiff was a child of about six years of age. The narr. of the plaintiffs alleges among other things as acts of negligence that the driver or operator of the automobile had no proper license as required by the act of assembly in that behalf.

The plaintiff had a verdict, the defendant having excepted to the charge of the court to the jury. The assignments of error are based upon the charge of the court.

The main point raised by the assignments of error is: Did the court below err in its instructions to the jury regarding the law governing the issuing of licenses to persons operating automobiles in this state?

The court below charged the jury in part as follows:

"This action is based on negligence, which has been defined to be the want of ordinary care; that is, the want of such care as a reasonably prudent and careful person would exercise under similar circumstances. With respect to the matter of negligence we may say to you that certain things are, or amount to, negligence in law, whether any active or positive negligence be proved or not. By the laws of this state it is provided that no person shall operate a motor vehicle upon the public streets, roads, turnpikes,

or highways of this state unless he had first obtained from the Secretary of State a license. The violation of this law is negligence *per se*, that is, an act of negligence itself, and renders the wrongdoer liable for an injury resulting from such misconduct.

"The defendants admit that the operator of the machine did not have in her possession at the time of the accident the license required, but insist that she had on the morning of the accident, and prior thereto, made the required affidavit to procure such a license, and had, therefore, complied with the law. We say to you, however, that the mere application for a license, or the making of the required affidavit would not meet the requirements of the statute.* * *

"Now, gentlemen, if you believe from the evidence that the injuries to the plaintiff were caused by the negligent running and operation of the machine by Nancy E. Lindsay, one of the defendants, and that the plaintiff was free from any negligence that contributed to the accident, your verdict should be in favor of the plaintiff. Or if you believe that the said defendant was operating the machine without a license from the Secretary of State, this would amount in law to negligence, and if the plaintiff was free from any negligence that contributed to the accident, your verdict should be in favor of the plaintiff; otherwise you should find for the defendant."

The general principle is well settled that any person, violating a law prohibiting the act in connection with which injury results to another person, is guilty of negligence *per se*, but in this state and elsewhere the courts have very uniformly held that there must be a causal relation between the violation of a statute and the injury, to render the defendant liable.

The court below in its charge to the jury did not qualify or explain that the failure to procure a license must have contributed to the accident, but simply state as the law that "the violation of this [license] law is negligence *per se*, that is, an act of negligence itself, and renders the wrongdoer liable for an injury resulting from such misconduct;" and at the close of the charge the court says:

"If you believe that the said defendant was operating the

machine without a license from the Secretary of State, this would amount in law to negligence, and if the plaintiff was free from any negligence that contributed to the accident, your verdict should .be in favor of the plaintiff."

Beginning with the case of *Ferris Giles v. Diamond State Iron* . *Co.*, 7 *Houst.* 466, 8 *Atl.* 368, decided in 1887, the courts of this state, whenever they have had occasion to charge regarding the violation of a statute or ordinance constituting negligence *per se*, have stated that there must be a causal relation between the violation of the law and the injury complained of.

See, also, *Robinson v. Simpson*, 8 *Houst.* 398, 32 *Atl.* 287; *Jones v. Belt*, 8 *Houst.* 562, 32 *Atl.* 723; *Carswell v. Wilmington*, 2 *Marv.* 360, 43 *Atl.* 169; *Knopf v. P., W. & B. R. R. Co.*, 2 *Penn.* 392, 46 *Atl.* 747; *Winkler v. P. & R. R. Co.*, 4 *Penn.* 80, 53 *Atl.* 90; *MacFeat v. P., W. & B. R. R. Co.*, 5 *Penn.* 52, 62 *Atl.* 898.

It is evident from a careful reading of the testimony found in the record in this case that there was no possibility of causal connection between the absence of the license and the injury to the plaintiff.

Possession of a license did not insure or even tend to show skill on the part of the operator, therefore the absence of a license did not show the contrary.

Whether she had a license or not was therefore clearly immaterial to the question of her negligence towards the plaintiff, and the jury should have been so instructed.

The judgment of the court below is therefore reversed, and the case remanded for retrial.