## OLIVER H. DAVIS *v.* DAVID P. GORDON
[No. 38, January Term, 1944.]

*Decided March 24, 1944.*

The cause was argued before SLOAN, C. J., DELAPLAINE, COLLINS, MARBURY, GRASON, and BAILEY, JJ.

*George M. Berry* for the appellant.

*Joseph R. Byrnes* and *Herbert Levy,* with whom were *Tydings, Sauerwein, Levy & Archer* and *Michael Paul Smith, M. William Adelson* and *David P. Gordon* on the brief, for the appellee.

SLOAN, C. J., delivered the opinion of the Court.

On March 28, 1942, Francis Hydock and Joseph I. Indrisek left the Glenn Martin plant in Baltimore County, where they were employed, about 12.45 A. M. They left in the car of a friend and were driven to Essex, where they went to a tavern, had something to eat, each had two bottles of beer, and about 1.30 A. M. started to walk on Mace Avenue to their rooming house. Indrisek

saw a car, the defendant Oliver Davis', coming north, toward them. He told Hydock of it, and they moved over to the right side of the road, off the concrete pavement to the dirt shoulder, Indrisek in front, Hydock in the rear, when they were struck by defendant's car.

Davis said he was blinded by the lights of two cars approaching, and when they passed he saw two men in the road a few feet in front of him. He swerved his car to the left, and thought he had "just brushed them aside." He did not hit them head on; his car showed the damage to the right head-light, and to the top of the hood on the right side, so that he came within a foot or two of missing them. Hydock was killed, according to the professional witness, instantly and Indrisek injured. Glass from the head-light was found on the left of the center of the road and some near the body which was off the right side of the road. Davis was accompanied by a woman who had been with him all evening. Indrisek couldn't locate his companion and two or three hours later the body was found in a ditch three feet from the concrete shoulder of the road.

The defendant did not stop, but went on some distance and debated with his companion as to whether they should go back. "Both of us knew we had hit them; so we did not go back, but I took Mrs. Dea home and then went home and went to bed." The next day the police located the car of the defendant with a broken right head-light, and Davis, when he arrived home from work that day, was taken to the police station.

There is no evidence from which it can be inferred that any of the parties concerned were under the influence of intoxicating liquor.

The only evidence as to speed is from the defendant, who said he was going thirty-five to forty miles an hour. The plaintiff argues that the speed must have been more, and infers this from the objects found at and near the scene afterwards, but it could be inferred as readily from a lesser speed than the defendant testified to.

The judgment was for the plaintiff from which the defendant appeals.

There are only two questions on the appeal seriously argued by counsel on both sides, one on the admissibility of evidence and the other on the plaintiff's first prayer, which was repeated by and included in the oral charge of the court.

The question of evidence (1) was on exception to the ruling of the court allowing the defendant to be asked whether he had a driver's license, to which he answered "No," and (2) was his license revoked in 1937, to which he answered, "Yes."

These questions were improper. The defendant was not being tried on a warrant charging him with driving without a license, the charge was a civil suit asking damages caused by his negligence. This question is only asked for the purpose of prejudicing the defendant and inflaming the jury. The only question for the jury to decide was whether the defendant was negligent, and as a result of his negligence the plaintiff's decedent was killed. In some jurisdictions the violation of a statute or ordinance in traffic cases is evidence of negligence *per se*. In some that it is *prima facie* evidence. In *Jones' Commentaries on Evidence*, 2nd Ed., Sec. 671, in cases where exemplary damages are allowed the "coloring facts" are relevant, and so in *Sutherland on Damages*, 4th Ed., Sec. 401. The rule in this State is fully considered in the case of *Kelly v. Huber Baking Company*, 145 Md. 321, 334, 125 A. 782, where it was held that evidence of the violation of a statute is admissible where the violation is the proximate cause of the injury. There was no contention in this case that the question of negligence was not for the jury. The defendant requested an instruction for an instructed verdict on the ground that the plaintiff's decedent was guilty of contributory negligence, but it was so obviously a question for the jury that no comment is necessary.

The other question, however, the instruction that the jury may award punitive damages, is a new one in this

State in cases of automobile accidents. Here we have no rule of comparative negligence. If the defendant is negligent, the negligence resulting in injury, and the plaintiff has not contributed to the injury, the latter is entitled to recover in full for the damages and pecuniary loss. The fact that the act of negligence may be slight and not gross makes no difference. The test is, the damage done. We have many rules of the road, all designed and intended to promote the public safety. They have severe penalties for their violation whether there is an accident or not. If all drivers and all pedestrians observed these rules there would not be any accidents. The rules of the road are far more effective than any inflammatory verdicts in making our streets and highways safe for travel. The fear of arrest is more of a deterrent than a verdict in a civil case for damages.

The contention of the plaintiff as expressed by his first prayer, and the charge of the court, and strenuously argued by counsel in this court, is that the negligence of defendant was so gross and wanton as to justify such an instruction. In this State that is not the test. As was said in *Philadelphia, W. & B. R. R. Co. v. Hoeflich,* 62 Md. 300, 307, 50 Am. Rep. 223: "The force and deliberation with which the wrongful act is done, are not necessarily the tests by which the question of punitive damages is to be determined. On the contrary, to entitle one to such damages there must be an element of fraud, or malice, or evil intent, or oppression entering into and forming part of the wrongful act. It is in such cases as these that exemplary or punitive damages are awarded as a punishment for the evil motive or intent with which the act is done, and as an example or warning to others."

The whole argument of the plaintiff was that, in addition to compensatory damages, he should collect additional damages because the defendant did not stop as the statute requires and which imposes severe penalties for failure so to do. Code, 1943 Supp., Art. 66½, Sec. 145. The argument was that it showed the state of his mind at the time he struck Hydock. There were more

impelling reasons than any civil liability, and they were the fear of arrest and possible imprisonment. There are many jurisdictions in which an instruction for punitive damages are granted more or less as a matter of course, but this court is not one of them. The plaintiff has cited many cases decided by this court to support the principle of those foreign cases, but an examination of those cases shows that the facts differ so widely from this as to be easily distinguishable. They are *Bannon v. B. & O. R. R. Co.*, 24 Md. 108; *Baltimore & Yorktown Turnpike Road v. Boone*, 45 Md. 344; *Philadelphia, W. & B. R. R. Co. v. Larkin*, 47 Md. 155, 28 Am. Rep. 442; *Philadelphia, W. & B. R. R. Co. v. Hoeflich*, 62 Md. 300, 50 Am. Rep. 223; *Philadelphia, B. & W. R. R. Co. v. Green*, 110 Md. 32, 71 A. 986; *Baltimore Transit Co. v. Faulkner*, 179 Md. 598, 20 A. 2d 485, and *Heinze v. Murphy*, 180 Md. 423, 24 A. 2d 917. Those were not cases in which there was serious personal injury or pecuniary loss; in nearly all of them, little or none. The plaintiffs suffered indignities, humiliation or injured feelings, as in ejection from trains and assaults. To them might be added libel and slander, where the damage is to reputation, in which a judgment is not compensation but a penalty as well. Those are all cases in which the elements of motive, malice and intent may appear.

In the case before us there is no suspicion of a motive, and no intention to do injury. The only evidence, that of the defendant, was, he had been blinded by the lights of cars approaching him, and after they passed, he saw two men in the road ahead, then swerved his car, showing that he not only had no intention to hit them but tried to avoid them, but did not have the time in the short distance to completely get out of their way. *Philadelphia, W. & B. R. R. Co. v. Hoeflich, supra.*

With no evidence of fraud, motive or intention on the part of the defendant, we think the plaintiff's first prayer and the court's instruction as to punitive damages was erroneous.

So much of the plaintiff's first prayer, and the court's charge repeating it, as to exemplary damages in our opinion was prejudicial error, and the judgment should be reversed, and the cases remanded for a new trial.

*Judgment reversed, with costs, and case*

*remanded for a new trial.*