## GIDDINGS v. ZELLAN.
### No. 9336.

United States Court of Appeals
District of Columbia.

Submitted Jan. 8, 1947.

Decided March 24, 1947.

Mr. Paul J. Sedgwick, of Washington, D. C., submitted on the brief for appellant.

Mr. Harry Friedman, of Washington, D. C., submitted on the brief for appellee.

Before GRONER, Chief Justice, and CLARK and PRETTYMAN, Associate Justices.

GRONER, C. J.

This is an action brought by appellee, plaintiff in the court below, to recover from appellant, defendant, damages for personal injury sustained by him in an automobile collision. The action was tried to a jury and a verdict in the sum of $13,311 was returned and judgment entered thereon. The circumstances of the accident were these:

About 1 o'clock at night in September, 1945, appellee, accompanied by a woman companion, left an eating house on the Bladensburg Road, in Maryland, and entered a nearby parking lot to get his car. Appellee's companion had taken her seat in the car and appellee was at the moment standing at the right front fender of the car with the door open when appellant, who about the same time had left another eating house to get his car from the same parking lot, drove by and the left end of his front bumper hit the door of the appellee's car, forcing it back against the front fender, catching appellee's leg in the jam and seriously injuring him.

On this appeal appellant assigns 14 separate alleged errors occurring in the trial. But in the view we take of the case it is necessary to notice but one of these. In his charge to the jury the trial judge said: "* * * The Court is not expressing an opinion about this defendant's condition at the time of this accident, but the Court says to you that there is evidence in the case, if you believe it, that the defendant was drunk to the extent that he was staggering, that he was drunk to the extent his speech was confused, and if you believe that to be true, if you believe that he operated his vehicle when he was in that condition, then, in your discretion, in addition to compensatory damages, you can award exemplary damages; that is damages which will tend to deter him and other people from being guilty of like conduct."

It is obvious to us, and in point of fact may be said to be practically admitted, that a considerable portion of the amount of the verdict was responsive to that portion of the court's charge which authorized the jury to award punitive damages. In the brief and in the argument in this court appellant admits that the evidence sustains plaintiff's claim to compensatory damages and the question, therefore, is whether under the applicable law the court was correct in permitting the jury to add to the amount of actual damages an additional amount "to deter him [defendant] and other people from being guilty of like conduct."

As we have seen, the accident and the resulting injury occurred in Maryland, and in such circumstances the law is well settled, that the right of recovery and the amount of damages depend upon the law of that State. This we held in Rubenstein v. Williams, 1932, 61 App.D.C. 266, 61 F. 2d 575, and again in Paxson v. Davis, 1933, 62 App.D.C. 146, 65 F.2d 492; and this rule has been recognized and applied by the Supreme Court in Western Union Tel. Co. v. Brown, 1914, 234 U.S. 542, 547, 34 S.Ct. 955, 956, 58 L.Ed. 1457, in which it is said: "Whatever variations of opinion and practice there may have been, it is established as the law of this court that when a person recovers in one jurisdiction for a tort committed in another, he does so on the ground of an obligation incurred at the place of the tort that accompanies the person of the defendant elsewhere, and that is not only the ground but the measure of the maximum recovery."

It remains, therefore, to determine the rule as to the recovery of punitive damages recognized and applied by the Supreme Court of Maryland. Fortunately, the answer to this question is not difficult, for it is set at rest by a long line of Maryland cases, beginning in 1884 and running continuously to 1944. The first of these, and the one from which the Maryland rule stems, is Philadelphia W. & B. R. Co. v. Hoeflich, 1884, 62 Md. 300, 50 Am.Rep. 223. That was an action for damages for the ejection from a railroad train of a child and her companion. On the trial the jury were told that if they found that the child was wrongfully ejected, she was entitled to recover proper compensation for the unlawful invasion of her rights as a passenger and the injury to her person and feelings. On appeal this much of the charge the court approved, but disapproved that portion which told the jury that if plaintiff was forcibly and deliberately ejected, they might find exemplary damages as punishment for the conduct of the railroad. As to this the Supreme Court of Maryland said: "The force and deliberation with which the wrongful act is done, are not necessarily the tests by which the question of punitive damages is to be determined. On the contrary, to entitle one to such

damages there must be an element of fraud, or malice, or evil intent, or oppression entering into and forming part of the wrongful act. It is in such cases as these that exemplary or punitive damages are awarded as a punishment for the evil motive or intent with which the act is done, and as an example or warning to others." Id. at 307.

Again, in Philadelphia, B. & W. Ry. v. Green, 1909, 110 Md. 32, 43, 71 A. 986, 989, an action to recover damages for assault and battery on a passenger committed by an employee of the railroad in charge of the waiting room, the Maryland court reversed a judgment on the ground that the charge to the jury authorizing punitive damages was bad, the court saying: "It appears to be well settled in this state that mere deliberateness and unnecessary force or violence is [sic] not the test of punitive damages." And this because, as the court said, the right to punitive damages is confined to cases in which there is an evil motive or intention with which the unlawful act is done.

Again in Heinze v. Murphy, 1942, 180 Md. 423, 24 A.2d 917, the court applied the same rule in a case of assault and battery by a public official, reiterating the statement made in former cases that the test is the presence of circumstances of aggravation such as fraud, or malice, or evil intent, and again held that mere deliberateness and unnecessary violence are insufficient to bring into operation the punitive damage rule. And finally, in Davis v. Gordon, 1944, 183 Md. 129, 36 A.2d 699, 156 A.L.R. 1109, the Maryland court extended the same rule to negligence cases arising from automobile accidents. The Davis case was an action brought to recover for the death of a pedestrian killed when struck by the defendant's automobile. The circumstances were that around midnight the decedent and a companion were walking down a country road and off the paved portion, when they were struck by an automobile and one of them killed. There was proof that the license of the driver of the automobile had been previously revoked and that after the collision he failed to stop, notwithstanding knowledge of the collision. At the conclusion of the evidence the court,

at the instance of the plaintiff, instructed the jury that in the circumstances they were at liberty to award punitive damages. The Supreme Court of Maryland reversed, saying:

"The other question, however, the instruction that the jury may award punitive damages, is a new one in this State in cases of automobile accidents. Here we have no rule of comparative negligence. If the defendant is negligent, the negligence resulting in injury, and the plaintiff has not contributed to the injury, the latter is entitled to recover in full for the damage and pecuniary loss. The fact that the act of negligence may be slight and not gross makes no difference. The test is, the damage done. We have many rules of the road all designed and intended to promote the public safety. They have severe penalties for their violation whether there is an accident or not. If all drivers and all pedestrians observed these rules there would not be any accidents. The rules of the road are far more effective than any inflammatory verdicts in making our streets and highways safe for travel. The fear of arrest is more of a deterrent than a verdict in a civil case for damages.

"The contention of the plaintiff as expressed by his first prayer, and the charge of the court, and strenuously argued by counsel in this court, is that the negligence of defendant was so gross and wanton as to justify such an instruction. In this State that is not the test. As was said in Philadelphia, W. & B. R. R. Co. v. Hoeflich, 62 Md. 300, 307, 50 Am.Rep. 223: '* * * to entitle one to such damages there must be an element of fraud, or malice, or evil intent, or oppression entering into and forming part of the wrongful act. It is in such cases as these that exemplary or punitive damages are awarded as a punishment for the evil motive or intent with which the act is done, and as an example or warning to others.'

"The whole argument of the plaintiff was that, in addition to compensatory damages, he should collect additional damages because the defendant did not stop as the statute requires and which imposes severe penalties for failure so to do. * * * The argument was that it showed the state of his mind at the time he struck Hydock. There were more impelling reasons than any civil liability, and they were the fear of arrest and possible imprisonment. There are many jurisdictions in which an instruction for punitive damages are (sic) granted more or less as a matter of course, but this court is not one of them." 183 Md. at pages 132, 133, 36 A.2d at pages 700, 701.

██ In the light of these cases specifically under the rule applied in Davis v. Gordon, it seems clear to us that negligence attributable to drunken driving is not the test of punitive damages under the Maryland law. On the contrary, the rule in that State is that plaintiff in any tort case must prove "malice, or fraud, or evil intent," to which the court in that case adds "libel and slander, where the damage is to reputation," resulting in "humiliation or injured feelings." In automobile negligence cases the Maryland court obviously is of opinion that criminal statutes are a better deterrent than civil penalties.

█ In the present case the appellee has proven only drunkenness, which is neither malice, fraud, nor evil intent; neither has appellee shown humiliation or injured feelings from damage to reputation. Moreover, there is a Maryland statute which makes it unlawful for any person under the influence of intoxicating liquor to drive an automobile within that State,[1] and prosecution under its provisions, the Maryland court believes, is more effective than "inflammatory verdicts."

Reversed and remanded for a new trial in accordance with this opinion.

---

[1] "It shall be unlawful for any person who is an habitual user of narcotic drugs or any person who is under the influence of intoxicating liquor or narcotic drugs to drive or attempt to drive any vehicle or trackless trolley within this State." Md.Code Ann. (Flack, Supp.1943) art. 66½, § 153.

Memo: The law of Maryland on this subject, prior to 1943, applied only to driving while intoxicated on the "public highways." Md.Code Ann. (Flack, 1939) art. 56, § 199.