HORTON, Judge.
This appeal is from a final judgment entered by the lower court, after jury verdict, in favor of the Appellees for personal injuries sustained by the Appellee, a minor, while operating a motor scooter on the streets of Miami Beach, Florida. The injuries were occasioned by a collision between his motor scooter and an automobile operated by the Appellant. He was 15 years of age at the time of collision. Among the errors assigned for a reversal of the lower court judgment only three were urged by the Appellant in her brief and orally before this Court. Although the other questions raised have been considered by the Court, the only substantial point of law raised by the Appellant's assignments of error was whether the lower court committed error when, during the course of the trial, it refused to permit proffered testimony to go to the jury showing that the Appellee, minor, at the time of the collision was operating the motor scooter under a restricted driver’s license. The license *554 restricted the Appellee, minor, to daylight driving. The question the Court feels should be answered in the negative, and, therefore, the judgment of the lower court should be affirmed.
It was undisputed that the Appellant, while proceeding in an easterly direction on 40th Street in the City of Miami Beach, where said street intersects with Prairie Avenue, decided to make a left turn north into Prairie Avenue, and that Appellee, minor, was proceeding in a westerly direction on 40th Street at the same time. The Appellant testified that she did not see the motor scooter on which the Appellee was riding as she proceeded into and was crossing his traffic lane north into Prairie Avenue. The physical evidence shows that the Appellant’s automobile was struck on the right rear fender by the motor scooter. Other than the collision itself, no act of negligence on the part of the Appellee, minor, was shown. The Court feels that this case falls squarely within the rule enunciated in 3 Fla.Juris. p. 561, “Automobiles, etc.” Sec. 92, “The weight of authority is that mere absence of an operator’s license as required by law is not in itself evidence of negligence in the operation of a motor vehicle in the absence of some causal connection between the injury and the failure to have the license; * * Lindsey v. Barton, 1954, 260 Ala. 419, 70 So.2d 633; De Vite v. Connecticut Co., 112 Conn. 670, 151 A. 320; Davis v. Gordon, 183 Md. 129, 36 A.2d 699, 156 A.L.R. 1109; Dervin v. Frenier, 91 Vt. 398, 100 A. 760; Lindsay v. Cecchi, 3 Boyce 133, 26 Del. 133, 80 A. 523, 35 L.R.A.,N.S., 699; Lutfy v. Lockhart, 37 Ariz. 488, 295 P. 975; Speight v. Simonsen, 115 Or. 618,239 P. 542, 43 A.L.R. 1149; Mahowald v. Beckrich, 212 Minn. 78, 2 N.W.2d 569; Opple v. Ray, 208 Ind. 450, 195 N.E. 81; Strandt v. Cannon, 29 Cal.App.2d 509, 85 P.2d 160; Ross v. Pennsylvania R. Co., 106 N.J.L. 536, 148 A. 741; Prichard v. Collins, 228 Ky. 635, 15 S.W.2d 497.
No error having been made to appear, the judgment appealed from should be and it is hereby affirmed.
CARROLL, CHAS., C. J., and PEARSON, J., concur.